

06 - 396 —    Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Delaware** |
|---|---|

| | |
|---|---|
| Name (under which you were convicted): **Anthony A. Cooper Jr** | Docket or Case No.: |
| Place of Confinement : **Delaware Correctional Center** | Prisoner No.: **275064** |

| Petitioner (include the name under which you were convicted) **Anthony A. Cooper Jr** | Respondent (authorized person having custody of petitioner) |
|---|---|
| | v. |
| | **Warden Thomas Carroll** |

| The Attorney General of the State of **CHRI DANBERG** |
|---|

**FILED**

**JUN 20 2006**

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

ID scanned
no IFP

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    **Superior Court For New Castle County**

    (b) Criminal docket or case number (if you know): **0301018775**

2.  (a) Date of the judgment of conviction (if you know): **September 30, 2003**

    (b) Date of sentencing: **November 21, 2003**

3.  Length of sentence: **15 Years**

4.  In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    **Assault In The First Degree And Possession**
    **Of Deadly Weapon During The Commission Of**
    **a Felony.**

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

    ☒ (2)  Guilty            ☐ (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

Assault In The First Degree And Possession Of Deadly Weapon During The Commission Of A Felony.

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☒ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☒ No

8.   Did you appeal from the judgment of conviction?

☒ Yes     ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:  Superior Court For Delaware

(b) Docket or case number (if you know):  0301018775

(c) Result:  Affirmed

(d) Date of result (if you know):  June 30, 2004

(e) Citation to the case (if you know):  604, 2003

(f) Grounds raised:  Breach Of Plea Agreement.

(g) Did you seek further review by a higher state court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev 12 04)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    **Superior Court For Delaware**

(2) Docket or case number (if you know):    **In03-02-0136RI and In03-02-0138**

(3) Date of filing (if you know):    **June 17, 2005**

(4) Nature of the proceeding:    **Post-Conviction**

(5) Grounds raised:

**(1) Failure to advise defendant of his legal rights**
**(2) Failure to investigate mitigating evidence**
**(3) Denial of defendants motion for substitute counsel**
**(4) Abuse of discretion by Court**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☐  No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes      ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Court will not hear claim of ineffective assistance of counsel on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Rule 61

Name and location of the court where the motion or petition was filed:

Superior Court New Castle County

Docket or case number (if you know):   0301018775

Date of the court's decision:    June 27, 2005

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?                     ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?                ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Delaware Supreme Court

Docket or case number (if you know):   No. 438, 2005

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to advise defendant of his legal rights regarding case and failed to investigate facts and law as defense preparation.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**    Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to investigate and develop mitigating evidence as case support at sentencing.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Rule 61

Name and location of the court where the motion or petition was filed:

Superior Court, New Castle, De.

Docket or case number (if you know):    0301018775

Date of the court's decision:    June 27, 2005

AO 241
(Rev. 12/04)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

P.O. Box 476    Dover, De. 19903

Docket or case number (if you know):    # 438, 2005

Date of the court's decision: JUNE 8, 2006

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two    Post-Conviction

**GROUND THREE:**    Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Denial of defendants motion for substitution of counsel
deprived defendant of effective assistance of counsel.

(b) If you did not exhaust your state remedies on Ground Three, explain why?   N/A

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61

Name and location of the court where the motion or petition was filed:

Superior Court, New Castle, De.

Docket or case number (if you know): 0301018775

Date of the court's decision: June 27, 2005

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

P.O. Box 476    Dover, De. 19903

Docket or case number (if you know): # 438,2005

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: Post-Conviction

**GROUND FOUR:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Abuse of discretion by Court during sentencing phase where
Court failed to determine whether defendant had reviewed
P.S.I.,Enhancement of sentence failed to adhere to Legislative
guidelines.

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61

AO 241
(Rev. 12/04)

Page 12

Name and location of the court where the motion or petition was filed:

Superior Court, New Castle County, De.

Docket or case number (if you know):  0301018775

Date of the court's decision:  June 27,2005

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?               ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Delaware Supreme Court

P.O. Box 476  Dover De. 19903

Docket or case number (if you know):  # 438,2005

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:  Post-Conviction

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?     ☒ Yes     ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?     ☐ Yes     ☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?     ☐ Yes     ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    raised.

AO 241
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    Attorney John S. Edinger Esq

(b) At arraignment and plea:    Attorney John S. Edinger Esq

(c) At trial:    Attorney John S. Edinger Esq

(d) At sentencing:    Attorney John S. Edinger Esq

(e) On appeal:    Attorney John S. Edinger Esq

(f) In any post-conviction proceeding:    Pro-se

(g) On appeal from any ruling against you in a post-conviction proceeding:    Pro-se

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? .    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in part that:

    (1)        A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

          (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

          (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

          (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

Page 16

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *June 15, 2006*    (month, date, year).

Executed (signed) on *June 15, 2006*    (date).

*Anthony Cooper*
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

## Certificate of Service

I, _Anthony A. Cooper Jr_, hereby certify that I have served a true and correct cop(ies) of the attached: _District Court Petition (DE)_

_____ upon the following

parties/person (s):


TO: _Chri C. Danberg_         TO: _____

_Assist. Attorney General_    _____

_New Castle County_           _____

_820 N. French Street_        _____

_Wilmington, DE. 19801_       _____


TO: _____      TO: _____

_____          _____

_____          _____

_____          _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _15_ day of _June_ _____, 200_6_

_Anthony Cooper_



District Court of Delaware
844 King Street
Locker Box 18
Wilmington, De.
19801

IM MR. Anthony Cooper
SBI# 275064    UNIT D/W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANTHONY A. COOPER, JR.,           §
                                  § No. 438, 2005
    Defendant Below-         §
    Appellant,               §
                                  § Court Below—Superior Court
    v.                       § of the State of Delaware
                                  § in and for New Castle County
STATE OF DELAWARE,                § Cr.A.Nos. IN03-02-0136 R1
                                  §           IN03-02-0138 R1
    Plaintiff Below-         §
    Appellee.                §

Submitted: February 24, 2006
Decided: May 19, 2006

Before **STEELE**, Chief Justice, **JACOBS** and **RIDGELY**, Justices

**O R D E R**

This 19th day of May 2006, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The defendant-appellant, Anthony A. Cooper, Jr., filed an appeal from the Superior Court's June 27, 2005 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we affirm.

(2)    In September 2003, on the day his trial was to begin, Cooper pleaded guilty to Assault in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony. He was sentenced to a total of

would not have pleaded guilty but would have insisted on proceeding to trial.[3]

(5)    There is no evidence in the record that any error by Cooper's counsel caused him to plead guilty.  To the contrary, the transcript of the plea colloquy reflects that Cooper's guilty plea was knowing and voluntary and that he was satisfied with his counsel's performance.  In the absence of clear and convincing evidence to the contrary, Cooper is bound by those representations.[4]  Moreover, the guilty plea provided Cooper with a clear benefit.  Cooper faced the possibility of 30 years of Level V incarceration, but received only 14 years, to be suspended after 8 years for probation, and five additional charges were dismissed by the State.  Thus, while the Superior Court did not provide a complete rationale in its June 27, 2005 order, we, nevertheless, find that it correctly denied Cooper's claim of ineffective assistance of counsel with respect to the entry of his guilty plea.

(6)    As for Cooper's claim that the Superior Court should have scheduled an evidentiary hearing, it is within the discretion of the Superior Court to schedule an evidentiary hearing if, upon a review of the materials in the record, the Superior Court deems it to be desirable.  If, on the other hand, the Superior Court does not deem an evidentiary hearing to be desirable,

---

[3] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).
[4] *Somerville v. State*, 703 A.2d 629, 631-32 (Del. 1997).

judge to give reasons for the court's disposition constitutes a per se abuse of discretion.[8]    Here the Superior Court's order denying Cooper's postconviction motion cited Rule 61(d)(4).   While more could have been said, we do not believe that any purpose would be served by remanding this matter to the Superior Court.   It is within our discretion to affirm a decision of the trial judge "if, upon a reading of the record in relation to the order, the reasons [for the decision] appear obvious."[9]  In this case, the transcript of the plea colloquy provides a clear basis for the denial of Cooper's claims and we have determined that the Superior Court's decision was correct.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[8] *Ball v. Division of Child Support Enforcement*, 780 A.2d 1101, 1104-05 (Del. 2001). This is true even if the Superior Court summarily dismisses a postconviction motion. Super. Ct. Crim. R. 61(d) (4).
[9] Id. at 1105.

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY A. COOPER | § | No. 438, 2005 |
| | § | |
| v. | § | Superior Court |
| | § | |
| STATE OF DELAWARE | § | New Castle County |
| | § | |
| | § | Cr. ID No. 0301018775 |
| | § | |

The following docket entry has been made in the above cause.

23. June 8, 2006.        Record and mandate to Clerk of Court
                         Below. **Case Closed.**

cc: The Honorable Susan C. Del Pesco
    Mr. Anthony A. Cooper
    Thomas E. Brown, Esquire

                         Prothonotary
                         Received Above

                         By _____

                         Date _____

Date:  June 8, 2006

                         _____
                         Audrey F. Bacino, Assistant
                         Clerk of Supreme Court

# *MANDATE*

THE SUPREME COURT OF THE STATE OF DELAWARE

TO:  Superior Court of the State of Delaware in and for New
Castle County:

*GREETINGS:*

**WHEREAS**, in the case of:

### *State of Delaware v. Anthony A. Cooper*

ID No. 0301018775

a certain judgment or order was entered on the 27th day of June

2005, to which reference is hereby made; and **WHEREAS**, by

appropriate proceedings the judgment or order was duly

appealed to this Court, and after consideration has been

finally determined, as appears from the Orders decided **May 19,**

**2006, and June 6, 2006**, certified copies of which are attached

hereto;

**ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED** that

the order or judgment be and is hereby affirmed.

Audrey F. Bacino
Assistant Clerk of the Supreme Court

Issued:  June 8, 2006

Supreme Court No. 438, 2005

**STATE OF DELAWARE**          }
                               } **ss.**
**KENT COUNTY**                }


I, Audrey F. Bacino, Assistant Clerk of the Supreme Court of the State of Delaware, do hereby certify that the foregoing are true and correct copies of the Orders dated May 19, 2006, and June 6, 2006, in ***Anthony A. Cooper, Jr. v. State,*** No. 438, 2005, as they remain on file and of record in said Court.

                    **IN TESTIMONY WHEREOF,**

                    I have hereunto set my hand and
                    affixed the seal of said Court at
                    Dover this 8th day of June A.D. 2006.

                    _____
                    Audrey F. Bacino
                    Assistant Clerk of Supreme Court