## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY A. COOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 06-396-JJF |
| | ) | |
| THOMAS CARROLL, Warden | ) | |
| and CARL C. DANBERG, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In September 2003, the petitioner, Anthony A. Cooper, pled guilty to one count of first degree assault and one count of possession of a deadly weapon during the commission of a felony. *Cooper v. State*, 2004 WL 1535802, *2 (Del. 2004)(*Cooper I*)(Exhibit A). Cooper was sentenced to fourteen years imprisonment to be suspended for two years probation after eight years. *Id.* On appeal, the Delaware Supreme Court affirmed Cooper's convictions and sentence. *Id.* at *4. In June 2005, Cooper filed a motion for postconviction relief. Superior Court denied the motion and that decision was affirmed on appeal. *Cooper v. State*, 2006 WL 1374676 (Del. 2006)(*Cooper II*)(Exhibit B).

Facts

Anthony Cooper was arrested in January 2003. (Superior Court Criminal Docket #0301018775, at 1.). In March 2003, a Delaware grand jury indicted Cooper, charging him with first degree assault, aggravated menacing, two counts of possession of a deadly weapon during commission of a felony, two counts of terroristic threatening, and one count of noncompliance with bond conditions. *Id.* In September 2003, on the day that his trial was scheduled to begin, Cooper pled guilty to first degree assault and one count of possession of a deadly weapon during the commission of a felony. *Id.* at 3. In exchange for Cooper's plea of guilty to these charges, the State agreed to enter a *nolle prosequi* on the remaining charges in the indictment. (D.I. 3 at 23). Cooper was sentenced in November 2003 to fourteen years imprisonment, suspended after 8 years imprisonment for two years probation. (D.I. 3 at 33).

Discussion

In his petition for federal habeas relief, Cooper raises the following grounds for relief: (1) his attorney failed to provide adequate assistance; (2) the Delaware Superior Court had abused its discretion by denying his motion for substitution of counsel; and (3) his sentence was illegally enhanced in violation of Delaware law. Cooper did not present any of these claims on direct appeal of his conviction. *See Cooper I.* He did, however, present claim two to the Delaware Supreme Court in *Cooper II.*

*Claim One – Ineffective Assistance of Counsel*

Cooper has proffered twelve "ground points" in which his attorney failed to provide him with adequate assistance. Cooper has, in this instance, failed to exhaust his state remedies on this claim. In order to exhaust state remedies, Cooper must have

presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). A petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, *2 (D.Del. Dec. 22, 2000)(Exhibit C). In the instant case Cooper raised two bases for an ineffectiveness claim in his May 2005 motion for postconviction relief: first, that his attorney "failed to advise defendant of his legal rights regarding case and failed to investigate facts and law as defense preparation." (Motion for postconviction relief, May 2005 at 3); and second, that his attorney "failed to investigate and develop mitigating evidence as case support at sentencing." (Motion for postconviction relief, May 2005 at 3). Cooper did not raise these claims in his appeal of Superior Court's denial of his motion for postcoviction relief. Rather, he challenged the Superior Court's decision on the grounds that the Court abused its discretion by not granting a hearing on his postconviction motion. The Delaware Supreme Court was therefore not properly presented with Cooper's ineffectiveness claims. For a claim to be exhausted in state court, it must be presented in a manner which permits the state's highest court to consider the merits of the case. *See Castille v. Peoples*, 489 U.S. 346, 350 (1989). Thus, Cooper had not fully exhausted state remedies in regard to his ineffectiveness claims at the time he filed this action.

If, however, there is no available state remedy, then Cooper is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Wenger v. Frank,*

266 F.3d 218, 223 (3d Cir. 2001). Because Cooper failed to raise his ineffectiveness claims in *Cooper II*, he is procedurally barred from raising the claim in subsequent post-conviction filings. *See* DEL. SUPER. CT. CRIM. R. 61(i)(2). Cooper's ineffective assistance of counsel claims are, therefore, excused from the exhaustion requirement, but procedurally defaulted. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Cooper has not alleged cause for his failure to raise his ineffectiveness claims on appeal of the Superior Court's decision in *Cooper II*. As a result, Cooper has not established cause for his procedural default, and that is sufficient to warrant dismissal of his federal claims. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del. Mar. 31, 2004)(Exhibit D); *See also Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing cases).

*Claim Two – Denial of Motion for Substitution of Counsel*

Cooper has alleged that the Superior Court abused its discretion by not granting his motion for substitution of counsel. On the morning of trial, Cooper requested substitute counsel. (D.I. 3 at 25). Superior Court then engaged in a brief colloquy with Cooper regarding his reasons for the request. Cooper stated that the reason for his discontent was the fact that his attorney had not subpoenaed certain witnesses. (D.I. 3 at 24). The Court advised him that, based on Cooper's explanation, he was not entitled to substitute counsel. (D.I. 3 at 25). Superior Court then asked Cooper if he wished to represent himself. *Id.* Cooper elected not to do so. *Id.* Given the stage of the

4

proceedings, and the fact that Cooper had merely asserted that his attorney had failed to subpoena witnesses for trial, Superior Court denied Cooper's request. *Id.*

When considering a defendant's request for substitution of counsel on the eve of trial, the trial court must first ascertain whether good cause exists for the request. *See United States v. Welty*, 674 F.2d 185, 187-88 (3d Cir. 1982); *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995). Good cause has been defined as "a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with the attorney." *Welty*, 674 F.2d at 187-88; *Goldberg*, 67 F.3d at 1098. Cooper has never alleged that his attorney's representation was compromised by a conflict of interest. Further, Cooper's own brief in this proceeding establishes that he and his attorney were communicating prior to trial. Thus for Cooper to succeed on this claim, he must establish that his attorney's refusal to subpoena certain witnesses to testify on Cooper's behalf was an irreconcilable conflict necessitating the appointment of new counsel. The crux of the disagreement between Cooper and his attorney appears to lie in Cooper's belief that he was mentally ill at the time he attacked his victim. (D.I. 2 at 47). In support of this mental illness claim, Cooper wanted to have the following individuals subpoenaed for trial:

> The director of health and human services, Delaware. The director of the state welfare dept. Conn. Dr. phylis James, 1612 Ferry and New Castle De. The director of psychology dept Christiana Hospital wilmington branch. The director of adult medicine Christiana hospital Newark branch. Director of pulmonary surgery. Temple university hospital. Pennsylvania. The director of the psychology dept MPCJF wilm. & smyrna.

(D.I. 3 at 38) (errors in original). Cooper's attorney likely concluded that the above named individuals' testimony would be irrelevant, especially in light of Cooper's

intoxication and the fact that voluntary intoxication is no defense under state law. *See Wyant v. State*, 519 A.2d 649 (Del. 1985). Cooper has not specified what relevant testimony these witnesses would have provided, or even if they would have been willing to testify on his behalf. Nor did Cooper provide the trial court with the names of the individuals he wished to have subpoenaed, and the Court was not in a position to inquire. (D.I. 3 at 25). The Court's own psychiatric evaluation had concluded that Cooper was depressed, but capable of understanding the proceedings against him. (D.I. 3 at 12). Cooper, therefore, had failed to demonstrate that his attorney's failure to subpoena irrelevant witnesses established the good cause warranting appointment of new counsel.

*Claim Three – Sentence Enhancement*

Cooper alleges that his sentence was illegally "enhanced" in violation of Delaware law, presumably because his sentence was an upward departure from the sentence recommended in the state sentencing guidelines. This claim, however, is not cognizable in federal habeas. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001). "[A] state court's sentencing decision and claims arising out of that decision are generally not constitutionally cognizable, unless the sentencing decision exceeds the statutory limits or is wholly unauthorized by law." *Laboy v. Carroll*, 437 F.Supp.2d 260, 263 (D. Del. 2006). In turn, a departure from the sentencing guidelines does not make out a federal claim. *Dorn v. Kearney*, 1997 WL 811565 (D. Del. 1997)(Exhibit E). Because Cooper

here presents only a state law claim, he was not required to exhaust state remedies. *Tillett v. Freeman*, 863 F.2d 106, 108 (3d Cir. 1989).

### Conclusion

Based upon the Superior Court docket sheet, it appears that, a transcript of Cooper's plea colloquy and sentencing has been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

Westlaw.

852 A.2d 907                                                                                     Page 1

852 A.2d 907, 2004 WL 1535802 (Del.Supr.)
**(Cite as: 852 A.2d 907)**

**H**
Cooper v. StateDel.Supr.,2004.(The decision of the Court is referenced in the Atlantic Reporter in a ' Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Anthony COOPER, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 604,2003.**

Submitted May 17, 2004.
Decided June 30, 2004.

**Background:** Defendant was convicted, on negotiated plea of guilty before the Superior Court, New Castle County, of first-degree assault and possession of a deadly weapon during commission of a felony. Defendant appealed.

**Holdings:** The Supreme Court granted defendant's untimely motion to amend opening brief on appeal and held that:

(1) state's sentencing recommendation did not breach plea agreement, and

(2) any error in state's entry of sentencing recommendation was harmless.

Affirmed.
West Headnotes
**[1] Criminal Law 110 ☞273.1(2)**

110 Criminal Law
   110XV Pleas
     110k272 Plea of Guilty
      110k273.1 Voluntary Character
       110k273.1(2) k. Representations, Promises, or Coercion; Plea Bargaining. Most Cited Cases
State's sentencing recommendation did not breach

plea agreement, where agreement reflected that presentence agreement would be ordered, plea court informed defendant that sentencing recommendation would come from presentence investigator, and terms of agreement neither required state to make sentencing recommendation nor prohibited it from doing so.

**[2] Criminal Law 110 ☞1177**

110 Criminal Law
   110XXIV Review
     110XXIV(Q) Harmless and Reversible Error
      110k1177 k. Sentence and Judgment and Proceedings After Judgment. Most Cited Cases
Any error in state's entry of sentencing recommendation following defendant's guilty plea did not prejudice defendant and was harmless, where sentence imposed by court was considerably shorter than sentence recommended by state.

Court Below-Superior Court of the State of Delaware, in and for New Castle County, Cr.A. No. IN03-02-0136 and -0138, Cr. ID 0301018775.

Before STEELE, Chief Justice, HOLLAND, and BERGER, Justices.

*ORDER*

**\*1** This 30th day of June 2004, it appears to the Court that:

(1) On April 30, 2004, this Court entered an order in this matter affirming appellant Anthony Cooper's convictions and sentences.[FN1] In that order, we noted that Cooper had failed to respond to his attorney's brief, filed pursuant to Supreme Court Rule 26(c), with any issues for the Court to consider on appeal. After considering his counsel's brief, the State's position and the record below, we concluded that the appeal was devoid of any arguable issues.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

852 A.2d 907, 2004 WL 1535802 (Del.Supr.)
(Cite as: 852 A.2d 907)

FN1. *Cooper v. State,* Del.Supr., No. 604, 2003, Berger, J. (Apr. 30, 2004).

(2) On May 3, 2003, Cooper's counsel filed a motion to amend the opening brief on appeal to include an issue raised by Cooper alleging that the State had breached its plea agreement with him. We directed the State to respond to the substance of Cooper's contention. The State filed its response on May 17, 2004. Because this is Cooper's direct appeal, we will grant counsel's untimely motion to amend and will address the substance of Cooper's lone claim. Accordingly, the Court's order dated April 30, 2004 is hereby rescinded, and this order shall be substituted in lieu thereof.

(3) The record reflects that Cooper pled guilty in September 2003 to one count of first degree assault and one count of possession of a deadly weapon during the commission of a felony. The Superior Court sentenced him to fourteen years at Level V imprisonment, to be suspended after serving eight years for two years of probation. Cooper asserts that the State breached its plea agreement with him by making a recommendation at his sentencing.

[1][2] (4) We find no merit to Cooper's contention. There is nothing in Cooper's written plea agreement regarding a sentencing recommendation. The plea agreement reflected that a presentence investigation would be ordered, and the judge informed Cooper during the guilty plea hearing that the sentencing recommendation would come from the presentence investigator. According to the terms of the plea agreement, the State was neither required to make nor prohibited from making a recommendation as to sentencing. The transcript of the sentencing hearing reflects that the State recommended a twenty-five year sentence. The judge, however, imposed a fourteen year sentence, suspended after serving eight years. Thus, the State's recommendation did not cause any prejudice to Cooper.

(5) This Court has reviewed the record carefully and has concluded that Cooper's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Cooper's counsel has made a conscientious effort to examine the record and the law and has properly determined

that Cooper could not raise a meritorious claim in this appeal.FN*

FN* *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

NOW, THEREFORE, IT IS ORDERED that the Court's April 30, 2004 order is hereby RESCINDED, and this order shall be substituted in lieu thereof. The State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

Del.Supr.,2004.
Cooper v. State
852 A.2d 907, 2004 WL 1535802 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

901 A.2d 119

Page 1

901 A.2d 119, 2006 WL 1374676 (Del.Supr.)
**(Cite as: 901 A.2d 119)**

**H**
Briefs and Other Related Documents
Cooper v. StateDel.Supr.,2006.(The decision of the Court is referenced in the Atlantic Reporter in a ' Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Anthony A. COOPER, Jr., Defendant
Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 438,2005.**

Submitted: Feb. 24, 2006.
Decided: May 19, 2006.
Rehearing Denied June 6, 2006.

Court Below-Superior Court of the State of Delaware, in and for New Castle County, Cr.A.Nos. IN03-02-0136 R1, IN03-02-0138 R1.

Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

*ORDER*
RIDGELY, Justice.
*1 This 19th day of May 2006, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1) The defendant-appellant, Anthony A. Cooper, Jr., filed an appeal from the Superior Court's June 27, 2005 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we affirm.

(2) In September 2003, on the day his trial was to begin, Cooper pleaded guilty to Assault in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony. He was sentenced to a total of 14 years incarceration at Level V, to be suspended after 8 years for 2 years of probation. Cooper's convictions and sentences were affirmed

by this Court on direct appeal.[FN1]

> FN1. *Cooper v. State,* Del.Supr., No. 604, 2003, Berger, J. (June 30, 2004).

(3) In this appeal, Cooper claims that: a) the Superior Court abused its discretion by failing to schedule an evidentiary hearing on his claim of ineffective assistance of counsel; b) at trial, the Superior Court abused its discretion by failing to provide him with substitute counsel on the ground that his appointed counsel had provided ineffective assistance; and c) the Superior Court abused its discretion by denying his postconviction motion without supplying its reasons for doing so.

(4) Cooper's first claim is that the Superior Court should have scheduled an evidentiary hearing on his postconviction claim of ineffective assistance of counsel. Underlying this claim is Cooper's contention that the Superior Court did not properly address his ineffective assistance of counsel claim in its June 27, 2005 order.[FN2] In order to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a defendant must show that, but for his counsel's unprofessional errors, he would not have pleaded guilty but would have insisted on proceeding to trial.[FN3]

> FN2. The Superior Court, without citing to any legal authority, states only that, after reviewing Cooper's plea colloquy, his appeal and his postconviction motion, it finds that Cooper is not entitled to relief.

> FN3. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

(5) There is no evidence in the record that any error by Cooper's counsel caused him to plead guilty. To the contrary, the transcript of the plea colloquy reflects that Cooper's guilty plea was knowing and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

901 A.2d 119                                                                                    Page 2

901 A.2d 119, 2006 WL 1374676 (Del.Supr.)
**(Cite as: 901 A.2d 119)**

voluntary and that he was satisfied with his counsel's performance. In the absence of clear and convincing evidence to the contrary, Cooper is bound by those representations. [FN4] Moreover, the guilty plea provided Cooper with a clear benefit. Cooper faced the possibility of 30 years of Level V incarceration, but received only 14 years, to be suspended after 8 years for probation, and five additional charges were dismissed by the State. Thus, while the Superior Court did not provide a complete rationale in its June 27, 2005 order, we, nevertheless, find that it correctly denied Cooper's claim of ineffective assistance of counsel with respect to the entry of his guilty plea.

> FN4. *Somerville v. State,* 703 A.2d 629, 631-32 (Del.1997).

(6) As for Cooper's claim that the Superior Court should have scheduled an evidentiary hearing, it is within the discretion of the Superior Court to schedule an evidentiary hearing if, upon a review of the materials in the record, the Superior Court deems it to be desirable. If, on the other hand, the Superior Court does not deem an evidentiary hearing to be desirable, "the judge shall make such disposition of the motion as justice dictates." [FN5] Given that Cooper's claim of ineffective assistance was based solely on his claim of unprofessional errors by his counsel that improperly caused him to plead guilty, and because there is no merit to that claim, we do not find that the Superior Court abused its discretion by not scheduling an evidentiary hearing.

> FN5. Super. Ct.Crim. R. 61(h)(1) and (3).

**\*2** (7) Cooper's next claim is that the Superior Court abused its discretion by failing to provide him with substitute counsel because his appointed counsel had provided ineffective assistance. Under settled Delaware law, a voluntary guilty plea constitutes a waiver of any alleged defects or errors occurring prior to the entry of the guilty plea.[FN6] Because Cooper's guilty plea was entered knowingly and voluntarily, he has waived his right to assert this claim. Moreover, in the absence of

clear and convincing evidence to the contrary, he is bound by his representation at the plea colloquy that he was satisfied with his counsel's performance.[FN7]

> FN6. *Downer v. State,* 543 A.2d 309, 311-12 (Del.1988).

> FN7. *Somerville v. State,* 703 A.2d at 631-32.

(8) Cooper's final claim is that the Superior Court failed to provide an adequate rationale for its decision. The supplying of reasons for a judicial decision is part of established law in this State. The failure of a trial judge to give reasons for the court's disposition constitutes a per se abuse of discretion. [FN8] Here the Superior Court's order denying Cooper's postconviction motion cited Rule 61(d)(4). While more could have been said, we do not believe that any purpose would be served by remanding this matter to the Superior Court. It is within our discretion to affirm a decision of the trial judge "if, upon a reading of the record in relation to the order, the reasons [for the decision] appear obvious." [FN9] In this case, the transcript of the plea colloquy provides a clear basis for the denial of Cooper's claims and we have determined that the Superior Court's decision was correct.

> FN8. *Ball v. Division of Child Support Enforcement,* 780 A.2d 1101, 1104-05 (Del.2001). This is true even if the Superior Court summarily dismisses a postconviction motion. Super. Ct.Crim. R. 61(d)(4).

> FN9. Id. at 1105.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

Del.Supr.,2006.
Cooper v. State
901 A.2d 119, 2006 WL 1374676 (Del.Supr.)

Briefs and Other Related Documents (Back to top)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

901 A.2d 119                                                     Page 3

901 A.2d 119, 2006 WL 1374676 (Del.Supr.)
**(Cite as: 901 A.2d 119)**


• 2006 WL 654503 (Appellate Brief) Appellants
Reply to States Answering Brief (Jan. 19, 2006)
Original Image of this Document (PDF)
• 2006 WL 339049 (Appellate Brief) State's
Answering Brief (Jan. 10, 2006) Original Image of
this Document with Appendix (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

**H**
Coverdale v. SnyderD.Del.,2000.Only the Westlaw
citation is currently available.
        United States District Court, D. Delaware.
        Darryal D. COVERDALE, Plaintiff,
                            v.
           Robert SNYDER, et al. Defendants.
        Darryal D. COVERDALE, Petitioner,
                            v.
Robert SNYDER, Warden, and M. Jane Brady
Attorney General of the State of Delaware,
                    Respondents.
               **No. Civ.A. 98-718-GMS.**

                    Dec. 22, 2000.

Darryal D. Coverdale, Plaintiff, pro se.
Thomas E. Brown, State of Delaware Department
of Justice, Wilmington, DE, for Defendants.
Thomas E. Brown, of the State of Delaware
Department of Justice, Wilmington, Delaware, for
Respondents, Robert Snyder and M. Jane Brady.

                *MEMORANDUM OPINION*
SLEET, J.

                I. INTRODUCTION

*1 The petitioner, Darryal D. Coverdale, ("
Coverdale"), is currently incarcerated in the
Delaware Correctional Center located in Smyrna,
Delaware. He filed a petition for the issuance of a
writ of habeas corpus on December 28, 1998, with
the court (D.I.1). In his petition, Coverdale raises
the following four separate grounds for relief: (1)
abuse of discretion by the trial court, (2)
prosecutorial misconduct, (3) ineffective assistance
of counsel and (4) obstruction of justice by the State
of Delaware. Coverdale also filed a motion to
compel discovery. (D.I.14).[FN1] After considering
the papers filed by the parties the court finds that
Coverdale's claims lack merit. Therefore, it will
dismiss the petition with prejudice, deny the relief

requested, and deny the motion as moot.[FN2]

> FN1. Coverdale filed his motion on
> October 18, 1999. According to his
> motion, the respondents violated a court
> order by not furnishing transcripts of the
> proceedings. However, the order to which
> Coverdale refers states "[i]ndicate what
> transcripts of pre-trial, trial, sentencing,
> and post-conviction proceedings are
> available, when they can be furnished, and
> what proceedings have been recorded but
> not transcribed." (D.I. 4 at ¶ 2(c)). The
> respondents' answer states that no
> transcripts of the proceeding were
> prepared but would be if the court so
> ordered. Additionally, the respondents
> maintain that it would take more than 90
> days to make the transcripts available.
> Since the respondents did not violate the
> terms of the court's order and, in any event,
> Coverdale's motion is moot, the court will
> deny it.

> FN2. Coverdale has also filed an action
> against numerous individuals for alleged
> violations of 42 U.S.C. § 1983 based on
> the same facts alleged in his petition. As to
> the issues raised in that action, the court
> will issue a separate opinion in Civ.A.No.
> 98-718-GMS.

                II. BACKGROUND

In 1995, Coverdale plead guilty in Delaware
Superior Court to charges of theft and possession of
drugs. For the theft charge, he was sentenced to two
years imprisonment at Level V incarceration,
suspended for a Level IV treatment program
followed by a period of probation. For the drug
charge, Coverdale was sentenced to one year in
prison, suspended for one year of probation. Upon a
1996 finding that he violated the terms of his

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 2

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

probation, The Delaware Superior Court resentenced Coverdale to drug treatment followed by an additional term of probation. In 1997, Coverdale was arrested yet again on drug charges. Since he had never reported to the Level IV drug treatment program to which he was twice sentenced, he was also charged with escape after conviction. *See In re Coverdale,* No. 125, 1998, 1998 WL 188568, at *1 (Del. April 7, 1998) (Coverdale I). On January 23, 1998, after holding a hearing at which Coverdale was represented by counsel, the Delaware Superior Court convicted him of violating his probation, revoked his probation, and sentenced him to two and a half years in prison.[FN3]

> FN3. The record indicates that Coverdale plead guilty to violating his probation.

Coverdale did not directly appeal the revocation of his probation. Instead, he sought a writ of mandamus from the Supreme Court of Delaware.[FN4] The Delaware Supreme Court dismissed the petition for a writ of mandamus on April 7, 1998. Coverdale then filed a motion for state post-conviction relief in the Delaware Superior Court challenging the finding that he violated his probation. On November 12, 1998, the Delaware Supreme Court affirmed the Delaware Superior Court's denial of post conviction relief.[FN5]

> FN4. In his petition, Coverdale alleges that he was improperly indicted for escape, that his court appointed counsel conspired with the State against him, and that the Delaware Superior Court improperly refused to act on·a petition filed pursuant to Del.Supr. Ct.Crim. R. 61. He asked the court to (1) dismiss his 1997 escape and drug charges and (2) order the Superior Court to rule on his 1995 post-conviction motions. The Supreme Court found that (1) the Superior Court docket did not reflect that Coverdale filed any post-conviction motions in his 1995 case and (2) Coverdale did not show why he was entitled to the relief he sought since he could file post-conviction motions

attacking his conviction. *See Coverdale I,* 1998 WL 188568 at *1-2.

> FN5. Coverdale moved for post-conviction relief for his 1997 charges in the Delaware Superior Court. The Superior Court denied such relief on April 3, 1998. The Delaware Supreme Court found that Coverdale's challenge to his conviction was not raised on direct appeal and that he did not make the required showing of cause and prejudice to overcome the procedural bar. *See* Del.Supr. Ct.Crim. R. 61(i)(3). Therefore, the Delaware Supreme Court affirmed the denial of post-conviction relief. *See Coverdale v. State of Delaware,* No. 188, 1998, 1998 WL 985330, at *1 (Del. Nov. 12, 1998) (Coverdale II).

On December 23, 1998, Coverdale filed a petition for a writ of habeas corpus with the court. He raises the following claims:
1. The Superior Court judge who found that Coverdale violated his probation should have established on the record that the drug offense was the true basis for the violation and the court erred in denying post conviction relief.
2. The prosecutor intentionally manipulated the revocation of probation proceedings in order to hide the fact that a probation officer had violated Coverdale's rights.
*2 3. Coverdale's counsel worked as an "agent provocateur for the State" and thereby denied him effective assistance of counsel during "pretrial, trial, and failed to file an appeal."
4. All the state actors involved (including the Delaware Supreme Court) intentionally committed obstruction of justice to conceal violations of Coverdale's constitutional rights.

Finally, after Coverdale filed the instant petition for a writ of habeas corpus, he filed two additional motions for modification of his sentence with the Delaware Supreme Court. Both motions were denied as repetitive.[FN6] *See Coverdale v. State of Delaware,* No. 179, 2000, 2000 WL 1616599, at *1 (Del. Oct. 23, 2000) (Coverdale III). Since these motions were made and ruled upon after Coverdale

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 3

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

filed the instant petition, the court will not consider whether the denial of the motions constitutes grounds for relief.

> FN6. Coverdale had already filed a similar motion in the Delaware Superior Court which was denied.

### III. STANDARD OF REVIEW

Because Coverdale filed his habeas petition after April 24, 1996, the terms of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply. *See, e.g., Lindh v. Murphy,* 521 U.S. 320, 326-27 (1997). Under AEDPA, a habeas petitioner who is incarcerated as a result of a state conviction cannot obtain relief unless the decision of the state court was either "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. " *See* 28 U.S.C. § 2254(d); *see also Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999); *Dickerson v. Vaughn,* 90 F.3d 87, 90 (3d Cir.1996); *Finch v. Snyder,* Civ.A.No. 98-537-SLR, 2000 WL 52162, at *3 (D.Del. Jan. 10, 2000). AEDPA also requires that the court afford substantial deference to factual findings and legal determinations made by state courts and places the burden on the petitioner to rebut the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e) (as amended); *Dickerson,* 90 F.3d at 90.

### IV. DISCUSSION

#### 1. Exhaustion

As a threshold matter, the court must determine whether Coverdale has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). If a habeas petition contains an unexhausted claim, the entire petition "must be dismissed without prejudice for failure to exhaust all state created remedies." *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996)

(citing *Rose v. Lundy,* 455 U.S. 509, 510 (1982)). A petitioner's claim is considered exhausted if it has been fairly presented to the state's highest court, either on direct appeal or in a post conviction-proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citing *Evans v. Court of Common Pleas, Delaware Co., Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992)). To have fairly presented a claim, the petitioner must have submitted to the state court both the legal theory and the facts that are "substantially equivalent " to those asserted in his federal habeas petition. *See Doctor,* 96 F.3d at 678.

*3 Upon reviewing the record, the court finds that all of Coverdale's claims are exhausted.[FN7] Coverdale raised an ineffective assistance of counsel claim relating to his January 23, 1998 revocation hearing before the Delaware Supreme Court. *See* D .I. 1, Ex. 1; *see also Coverdale II,* 1998 WL 985330, at *1. Coverdale presented both the Delaware Superior Court and the Delaware Supreme Court with his claims of obstruction of justice, prosecutorial misconduct, and abuse of discretion by asking for post-conviction relief, petitioning for a writ of mandamus, and making several motions for a reduction in his sentence. *See* D.I. 1, Ex. 1; *see also Coverdale III,* 2000 WL 1616599, at *1; *Coverdale II,* 1998 WL 985330, at * 1; *Coverdale I,* 1998 WL 188568, at *1.

> FN7. The respondents agree with this conclusion. *See* Ans. at 2-3, 5. Nevertheless, the court must make an independent determination whether the petitioner's claims are exhausted.

#### B. Procedurally Defaulted Claims

Although Coverdale has exhausted all the claims presented in his petition, the court must inquire whether he has complied with relevant state procedural requirements before it can turn to the merits. *See Caswell v. Ryan,* 953 F.2d 853, 860 (3d Cir.1992) (finding that federal habeas court first determine whether it "fairly appears" that state Supreme Court based its decision primarily on state law; *see also Coleman v. Thompson,* 501 U.S. 722,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                              Page 4

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

731-32 (1991) (stating that allowing federal habeas petitioners to proceed when procedural default in state court is responsible for absence of state remedies would undermine principles of comity and federalism). A state court ruling resting on an adequate and independent state procedural ground will bar federal habeas review absent a showing of cause and prejudice by the petitioner. *See Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977).

The Delaware Supreme Court dismissed Coverdale's first, second, and fourth claims on the ground that he neither raised the claims on direct appeal, nor complied with Del.Supr. Ct.Crim. R. 61(i)(3).[FN8] *See Coverdale II,* 1998 WL 985330, at *1. Numerous courts in this district have held that Del.Supr. Ct.Crim. R. 61(i) is an adequate and independent state ground which bars review by a federal court. *See, e.g., Gattis v. Snyder,* 46 F.Supp.2d 344, 367 (D.Del.1999); *Desmond v. Snyder,* Civ.A.No. 96-327-GMS, 1999 WL 33220036, at *11 (D.Del. Nov. 16, 1999); *Sullivan v. State of Delaware,* Civ.A.No. 96-231-SLR, 1998 WL 231264, at *17 (Apr. 30, 1998); *Laws v. Snyder,* Civ.A.No. 95-579-SLR, 1996 WL 484835, at *3 (D.Del. Aug. 7, 1996); *Flamer v. Chaffinch,* 827 F.Supp. 1079, 1087-88 (D.Del.1993). Therefore, the court finds that the Delaware Supreme Court articulated a "plain statement" that its decision rested on state law grounds. *See Harris v. Reed,* 501 U.S. 255, 263-64 (1989).

> FN8. Del.Supr. Ct.Crim. R. 61(i)(3) states that "Any ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred, unless the movant shows that (A) [c]ause for relief from procedural default and (B) [p]rejudice from violation of the movant's rights."

There are two ways Coverdale can overcome the state procedural bar to the court's review. Coverdale must either establish (1) cause for the default and actual prejudice of federal rights flowing therefrom or (2) that the court's refusal to hear his habeas claim would result in a fundamental miscarriage of justice. *See* 28 U.S .C. § 2254(a); *Coleman,* 501

U.S. at 750; *Finch,* 2000 WL 52162, at *5. The court finds that Coverdale has neither established cause and prejudice, nor demonstrated that he falls within the miscarriage of justice exception for his first, second, and fourth claims. As a result, the court cannot hear these claims.

*4 To demonstrate cause for his procedural default, Coverdale must show that "something external to the petitioner, something that cannot be fairly attributable to him" impeded his efforts to comply with Del.Supr. Ct.Crim. R. 61(i)(3). *See Coleman,* 501 U.S. at 750; *see also McClesky v. Zant,* 499 U.S. 467, 493 (1991); *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

Coverdale's petition does not allege any external impediment which prevented him from raising his first, second, and fourth claims in state post-conviction proceedings. Construing the petition in a broad light, however, there is a hint of a "cause" argument in his attached state habeas petition. The state petition asserts that, "the creation of the Superior Court Criminal Rule 61 which itself due (sic) to the extremely technicle (sic) aspects deny an individual an adequate, substantive right to a review." The state petition later states, "[t]here can be no adequate vehicle for review where the Rule is itself beyond the understanding of those who must utilize it...." A lack of knowledge or an unawareness of procedural rules, however, is not an "external factor" which would have excused Coverdale's failure to comply with the state procedural requirements.[FN9] *See Klein v. Neal,* 45 F.3d 1395, 1398 (10th Cir.1995) (commenting that habeas petitioner's assertion that he was unaware of statute of limitations for state post-conviction relief was insufficient as a matter of law to constitute cause for procedural default); *see also Bailey v. Snyder,* Civ.A.No 96-85-SLR, 1996 WL 43492, at *5 (D.Del. July 31, 1996) (finding that Rule 61 furthers a legitimate state purpose of limiting stale claims, is 'clear cut,' and has been applied consistently). Certainly, numerous other state habeas petitioners in a similar situation have been able to abide by Del.Supr. Ct.Crim. R. 61; Coverdale's procedural default is attributable solely to him.[FN10]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                              Page 5

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

FN9. Ineffective assistance of counsel can establish cause for failure to comply with state procedural rules. Nevertheless, a finding of ineffective assistance of counsel itself requires a showing of cause and prejudice. Since the court will consider Coverdale's ineffective assistance of counsel claim below, it would be redundant to do so here in the context of procedural default. As discussed below, since Coverdale has not shown that he received ineffective assistance of counsel, it is axiomatic that such a claim cannot serve as the basis for his procedural default. *See infra.*

FN10. Throughout his petition, Coverdale asserts what may be regarded as additional reasons for the cause of his procedural default. First, he alleges that the State and his attorney conspired to conceal their constitutional violations by preventing him from raising his claims for post-conviction relief. Second, he claims that Rule 61 " should be deemed non-existent" since it worked to conceal violations of his rights As mentioned above, however, the denial of post-conviction relief was based entirely on sound principles of law and well established state procedural rules. Further, countless courts have upheld Rule 61 and other rules like it; this court is unwilling to find that its neutral operation worked to deprive Coverdale of his rights. Finally, Coverdale offers nothing beyond conclusory allegations to support his statements.

Since Coverdale is unable to establish any external factor sufficient to overcome his procedural default, it is unnecessary for the court to consider whether he has suffered any prejudice. *See, e.g., Coleman,* 501 U.S. at 750-51; *Finch,* 2000 WL 52162, at *6; *Laws,* 1996 WL 484835, at *3. Nevertheless, the court notes that Coverdale has offered no evidence in support of his contention that the state procedural bar prejudiced his claim.[FN11] *See Smith v. Murray,* 477 U.S. 527, 533 (1986); *Lawrie v. Snyder,* 9 F.Supp.2d 143, 151 (D.Del.1995).

FN11. Coverdale plead gulty, did not file a direct appeal, and does not now suggest that his plea was constitutionally infirm. He cannot, therefore, demonstrate any ' actual prejudice' flowing from his guilty plea. *See Bousley v. United States,* 523 U.S. 614, 618 (1998).

Finally, Coverdale can overcome his procedural default if he can show that failing to hear his petition would constitute a "miscarriage of justice." *See Coleman,* 501 U.S. at 750; *Carrier,* 477 U.S. at 496. This exception is reserved for claims of actual innocence. *See, e.g., Schlup v. Daleo,* 513 U.S. 298, 327-28 (1995); *Sawyer v. Whitley,* 505 U.S. 333, 339-40 (1992); *In re Minarik,* 166 F.3d 591, 607 (3d Cir.1999). Coverdale plead guilty to violating his probation and has repeatedly asserted that he is not challenging the fact of his guilt. Furthermore, he does not specify how the court's failure to consider his claims would result in a miscarriage of justice. The exception, therefore, is inapposite in this case. *See Finch,* 2000 WL 52162, at *6.

**\*5** Since the Delaware Supreme Court found that Coverdale's first, second, and fourth claims were procedurally barred under Del.Supr. Ct. Crim R. 61(i)(3), the court cannot consider them. Therefore, the court will dismiss the first, second, and fourth claims in Coverdale's petition.

C. Ineffective Assistance of Counsel

Coverdale's third claim in his petition-ineffective assistance of counsel in connection with his January 23, 1998 violation of probation hearing-was properly before the Delaware Supreme Court.[FN12] *See Ans.* at 2. Since the claim was exhausted and can serve as a basis for procedural default, the court must examine its merits.

FN12. As the respondents correctly note, Coverdale's petition alleges his counsel was ineffective "during pretrial and trial stages and failed to file an appeal." Coverdale's petition only refers to the January 23, 1998 violation of probation

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 6

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

hearing; it does not provide any record support for a broader ineffective assistance of counsel claim. Nevertheless, any ineffective assistance of counsel claim beyond the violation of probation hearing was not presented to the state court. Since such claims would be unexhausted and, therefore, procedurally defaulted, the court cannot consider them. *See* 28 U.S.C. § 2254(b)(1)(A).

Claims in habeas petitions must be supported by the evidentiary record; mere allegations are not enough to warrant habeas relief. *See Mayberry v. Petsock,* 821 F.2d 179, 185 (3d. Cir.1987) (finding that habeas petitions require more than notice pleading); Rule 4 of the Rules Governing Habeas Corpus Cases (stating "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.").

The record demonstrates that Coverdale was represented by court appointed counsel at the January 23, 1998 violation of probation hearing. In his petition, Coverdale merely asserts that " [c]ounsel worked as an agent provocateur for the State during pretrial, trial stages (sic) and failed to file an appeal." He does not provide any evidence for these sweeping claims, however. Although Coverdale's state habeas petition contains additional claims of his counsel's ineffective assistance, they are equally conclusory and not supported by any record evidence.[FN13] Although the court must construe Coverdale's petition liberally, Coverdale's unsupported assertions that his attorney was an " agent provocateur" do not provide sufficient grounds for the court to grant habeas relief.

> FN13. Coverdale also asserts that his counsel was ineffective since he was unhappy with his representation and attempted to remove him on numerous occasions. This argument misunderstands the criteria for establishing a claim of ineffective assistance of counsel. Counsel is not required to provide the best

representation imaginable. Instead, Coverdale must show that (1) his attorney's representation fell below an objective standard of reasonableness and (2) his counsel's actions were prejudicial to his defense, creating a reasonable probability that, but for the alleged errors, the result of the proceedings would have been different. *See, e.g., Zettlemoyer v. Fulcomer,* 923 F.2d 284, 295 (3d Cir.1991) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). Thus, mere dissatisfaction with an attorney is enough. The court notes, however, that Coverdale was represented by an experienced attorney who has represented numerous individuals in Coverdale's position.

Aside from the lack of record evidence, Coverdale's ineffective assistance of counsel claim fails as a matter of law. Since state revocation of probation hearings are not a 'critical stage' of a criminal prosecution, there is no federal constitutional right to counsel. *See Gagnon v. Scarpelli,* 411 U.S. 756, 787 (1973); *see also United States v. Barnhart,* 980 F.2d 219, 222 (3d. Cir1992) (finding that revocation of probation 'does not result in a loss of liberty' since defendant has been adjudged guilty and is already under supervision). Therefore, violation of probation hearings are subject to the minimum requirements of due process. *See Black v. Romano,* 471 U.S. 606, 612 (1985) (holding that basic requirements include a hearing, a neutral hearing body, written notice of claimed violations, disclosure of evidence, an opportunity to testify, an opportunity to confront witnesses and, in some cases, the assistance of counsel).

After requesting counsel, alleged probation violators only have a right to an attorney when they have a timely and colorable claim that (1) they have not committed the alleged violation of the conditions of probation, or (2) that even if the violation is uncontested, there are substantial justifiable or mitigating reasons that make revocation inappropriate and the reasons are complex or otherwise difficult to develop or present. *See Gagnon,* 411 U.S. at 790.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                        Page 7

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*6 Although Coverdale presumably timely requested representation for the January 23, 1998 revocation hearing, he has not satisfied the aforementioned test for when counsel is constitutionally required in probation revocation hearings. First, Coverdale plead guilty to violating his probation and does not now contest his guilt. Thus, he has not-and cannot-raise a colorable claim of innocence. Second, reading the petition liberally, it appears that Coverdale argues that counsel was necessary for plea negotiations and to appeal his case. Deciding whether to plea or appeal are relatively straightforward decisions and do not otherwise mitigate the conviction.[FN14] Since Coverdale did not have a constitutional right to an attorney at his probation revocation hearing, his claims of ineffective assistance of counsel do not present a basis upon which the court can grant habeas relief. *See Tillett v. Freeman,* 868 F.2d 106, 108 (3d Cir.1989) (finding that claim of ineffective assistance of counsel in state post-conviction hearing does not arise under the federal constitution); *see also* 28 U.S.C. § 2254(a) (stating that district court can only entertain a petition for writ of habeas corpus if petitioner is in custody pursuant to state court judgment in violation of federal constitution or laws or treaties of the United States). Therefore, the court will dismiss Coverdale's third claim in his petition for a writ of habeas corpus.[FN15]

FN14. This fact is self evident since only defendants can decide whether to accept a plea or appeal their case. Although defendants often seek the advice of counsel, many defendants make these decisions without the assistance of an attorney.

FN15. Obviously, since Coverdale did not have a right to counsel at the revocation hearing it is unnecessary for the court to engage in the cause and prejudice analysis necessary for a finding of ineffective assistance of counsel.

C. Certificate of Appealability

Upon consideration of Coverdale's petition and his objection to the respondents' answer, the court finds that Coverdale has not made a substantial showing of a denial of a constitutional right. Further, the court finds that the constitutional issues raised in the petition are not debatable among jurists of reason, adequate to receive encouragement to proceed further, or capable of being resolved in a different manner. *See, e.g., Morris v. Horn,* 187 F .3d 333, 339 (3d Cir.1999) (citing 28 U.S.C. § 2253(c)(1)(A) ).

V. CONCLUSION

For the reasons set forth above, the court finds that Coverdale's claims for habeas corpus relief under 28 U.S.C. § 2254 are either procedurally barred or otherwise fail on the merits. Therefore, the court will dismiss Coverdale's petition for habeas corpus relief with prejudice and deny the writ. Additionally, the court finds no basis upon which to issue a certificate of appealability. The court will issue an order in conjunction with this opinion.

D.Del.,2000.
Coverdale v. Snyder
Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**
Elliott v. KearneyD.Del.,2004.Only the Westlaw
citation is currently available.
United States District Court,D. Delaware.
Curtis ELLIOTT, Petitioner,
v.
Rick KEARNEY, Warden, Respondent.
No. Civ.A. 02-205-KAJ.

March 31, 2004.

Curtis Elliott, Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for Respondent.

MEMORANDUM OPINION
JORDAN, J.

I. INTRODUCTION

*1 Petitioner Curtis Elliott is presently incarcerated
at the Delaware Correctional Facility ("D.C.C.") in
Smyrna, Delaware. On March 18, 2002, Elliott filed
an application for a writ of habeas corpus pursuant
to 28 U.S.C. § 2254, acting *pro se.* (D.I.1.) He has
also filed a letter motion for the appointment of
counsel and DNA testing, a motion for summary
judgment, and a motion for issuance of the writ
pursuant to 28 U.S.C. § 2243. (D.I. 37; D.I. 47; D.I.
55.) For the reasons set forth below, the Court will
deny Elliott's petition. (D.I.1.) The Court will also
deny his motions as moot. (D.I. 37; D.I. 47; D.I. 55.)

II. PROCEDURAL AND FACTUAL
BACKGROUND

On April 13, 2000, Elliott attacked Desiderio S.
Perez with a knife. Consequently, Elliott was
charged by information in the Delaware Superior
Court with four offenses: possession of a deadly
weapon during the commission of a felony, second

degree assault, possession of a deadly weapon by a
person prohibited, and misdemeanor theft. On
October 26, 2000, Elliott, represented by counsel,
pled guilty to second degree assault. In return, the
State entered a *nolle prosequi* as to the remaining
three charges.

On December 8, 2000, the Delaware Superior Court
sentenced Elliott to eight years incarceration,
suspended after four years for decreasing levels of
probation. Elliott did not file a direct appeal. *See
Elliott v. State,* No. 270, 2001, Order at ¶ 3 (Del.
Aug. 23, 2001).

On April 17, 2001, Elliott filed his first motion for
state post-conviction relief pursuant to Superior
Court Criminal Rule 61, alleging ineffective
assistance of counsel. (D.I. 13, Ex. G to State's
Motion to Affirm in No. 270, 2001.) The Superior
Court denied the motion on April 27, 2002. Elliott
never appealed. (D.I. 13, Ex. H to State's Motion to
Affirm in No. 270, 2001.)

In May 2001, Elliott filed a second Rule 61 motion.
(D.I. 13, Exs. I and J to State's Motion to Affirm in
No. 270,2001.) The Superior Court denied the
motion, and the Delaware Supreme Court affirmed
this decision on appeal. *See Elliott v. State,* No.
270,2001 (Del. Aug. 23, 2001); (D.I. 13, Ex. A to
State's Motion to Affirm in No. 270,2001.)

The Delaware Superior Court denied Elliott's third
Rule 61 motion. This decision was affirmed on
appeal. *Elliott v. State,* No. 554, 2001 (Del. Feb. 4,
2002).

Currently before the Court is Elliott's petition for
the federal writ of habeas corpus.

III. LEGAL PRINCIPLES GOVERNING
EXHAUSTION AND PROCEDURAL DEFAULT

A federal district court may consider a habeas

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

*2 (A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). However, a state can expressly waive the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner raised the issue on direct appeal in the correct procedural manner, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S.

288, 297-98 (1989). Although deemed exhausted, such claims are still considered to be procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, where a state court refuses to consider a petitioner's claims because he failed to comply with an independent and adequate state procedural rule, his claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255 263 (1989); *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

*3 Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 3

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

### IV. DISCUSSION

Elliott filed his habeas petition and supporting memorandum on March 18, 2002. [FN1] (D.I. 1; D.I.2.) He contends that his defense attorney provided ineffective assistance of counsel by failing to conduct DNA testing on the "alleged deadly weapon." (D.I. 1 at 5.) The State properly acknowledges that Elliott exhausted state remedies by presenting this argument to the Delaware Supreme Court in his second and third post-conviction appeals. *See* Op. Br. In No. 270, 2002 at 10; *Smith v. Digmon,* 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

> FN1. Since then, Elliott has filed numerous documents in support of his petition, either titled as traverses, memoranda in support, or even an amended petition. (D.I.29; D.I. 35; D.I. 38; D.I. 39; D.I. 41; D.I. 44). To the extent these documents merely support and expand the original ineffective assistance of counsel claim, the Court will consider them in its review.

A finding of exhaustion does not end the Court's inquiry, however, because a federal habeas court " must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer,* 864 F.2d 306, 310 (3d Cir.1989). Here, the State asks the Court to dismiss Elliott's petition as procedurally barred by the independent and adequate state law ground of Delaware Superior Court Criminal Rule 61(i)(2). (D.I. 10 at 2-4.)

The procedural default issue arises because Elliott did not raise his current ineffective assistance/DNA argument [FN2] in his first post-conviction motion. Instead, Elliott's first post-conviction motion alleged that his defense counsel provided ineffective assistance of counsel by not raising the issue of a conflict of interest between Elliott and the judge. (D.I. 13, Ex. G & Ex. H to the State's Motion to Affirm in No. 270,2001.) On April 27, 2001, the Superior Court denied this claim on the merits. (D.I.

13, Ex. H to the State's Motion to Affirm in No. 270,2001.)

> FN2. For ease of discussion, the Court will refer to Elliott's present ineffective assistance claim in this manner.

When Elliott did raise his ineffective assistance/DNA argument in his second post-conviction motion, the Superior Court denied the claim as procedurally barred under Rule 61(i)(2). Specifically, Elliott's failure to raise the issue in the first post-conviction motion barred him from raising it in his second post-conviction motion.[FN3] (D.I.13, Ex. A.) On appeal, the Delaware Supreme Court affirmed this decision, stating that "[t]o the extent Elliott's motion included claims that were not made in his previous postconviction motion, the motion was procedurally barred as repetitive [under Super. Ct.Crim. R. 61(i)(2) ]." *Elliott v. State,* No.270, 2001, Order at ¶ 4 & n. 5 (Del. Aug. 23, 2001).

> FN3. The Superior Court also concluded that Elliott's claim did not satisfy the " interest of justice" exception to procedural default. (D.I. 13, Ex. A to State's Motion to Affirm in No. 270,2001.)

**\*4** By applying the procedural bar of Rule 61, the Delaware Supreme Court articulated a "plain statement," under *Harris v. Reed,* 489 U.S. 255, 263-64 (1989), that its decision rested on state law grounds. *See Ylst v. Nunnemaker,* 501 U.S. 797 (1991). This Court has repeatedly held that Rule 61(i)(2) constitutes an independent and adequate state procedural rule precluding federal habeas review. *Kirk v. Carroll,* 243 F.Supp.2d 125, 145 (D.Del.2003); *Maxion v. Snyder,* 2001 WL 848601, at \*12 (D.Del. July 27, 2001); *Carter v. Neal,* 910 F.Supp. 143, 149-50 (D.Del.1995). As such, federal habeas review of this claim is precluded unless Elliott establishes cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if the Court refuses to hear this claim. *See* 28 U.S.C. § 2254(a); *Coleman v.. Thompson,* 501 U.S. 722, 750 (1991); *Caswell v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 4

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

Elliott alleges that, during the plea colloquy, the Delaware Superior Court and his attorney told him he could not appeal his guilty plea. He contends that this information prevented him from including the ineffective assistance/DNA argument in his first post-conviction motion.[FN4] (D.I.29.) In effect, Elliott is asserting that his counsel's statement and the Superior Court's statement regarding his right to appeal were an external factor constituting cause for his procedural default. However, Elliott has failed to demonstrate how this statement regarding an appeal prevented him from raising the ineffective assistance/DNA argument in his first post-conviction motion.

> FN4. To the extent Elliott argues that these statements constitute cause for his failure to raise this claim on appeal, the argument fails. In Delaware, ineffective assistance of counsel claims should not first be brought on direct appeal, but rather, in a Rule 61 motion for post-conviction relief. *Williams v. State,* 682 A.2d 627, at * *3 (Del.1996) (collecting cases). Any information regarding his right to appeal had no effect on his ability to bring a Rule 61 motion.

His contention is even more puzzling because the statement regarding his right to appeal obviously did not prevent him from filing the post-conviction motion in the first place. Moreover, despite his repetitive assertions that he is not a lawyer and does not understand the law, a lack of legal knowledge does not constitute cause for procedural default.[FN5] *See Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir.2002) ("cause cannot be based on the mere inadvertence of the petitioner ... to take an appeal"); *Desmond v. Snyder,* 1999 WL 33220036, at *19 (D.Del. Nov. 16, 1999).

> FN5. To the extent Elliott is alleging his counsel's ineffective assistance as cause for his failure to raise the issue in his first post-conviction motion, this contention fails. Ineffective assistance of counsel can

only constitute cause for a procedural default if it rises to the level of a Sixth Amendment violation. *See Murray v. Carrier,* 477 U.S. at 488. Elliott had no right to representation during his post-conviction proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). His counsel's alleged failure to inform him of his right to raise issues in a Rule 61 motion therefore cannot establish cause for his procedural default. *Coleman,* 501 U.S. at 152; *Cristin,* 281 F.3d at 420.

Further, Elliott has not demonstrated actual prejudice resulting from his attorney's failure to provide DNA testing.[FN6] He argues that prejudice is shown by the fact that he would not have pled guilty if his attorney had done the DNA testing because such testing would have established his innocence. *See generally Hill v. Lockhart,* 474 U.S. 52, 60 (1985) (in a guilty plea context, petitioner must demonstrate how the errors of counsel undermined his decision to plead guilty). However, this conclusory statement does not demonstrate actual prejudice. "Mere allegations by a defendant that he would have ple[d] differently and insisted on going to trial are insufficient to establish prejudice." *Werts v. Vaughn,* 228 F.3d at 193; *Thomas v. Snyder,* 2001 WL 1297812, at *4 (D.Del. Oct. 3, 2001).

> FN6. Upon finding that Elliott has not established cause for his procedural default, the Court need not reach the question of whether he has shown any actual prejudice. *See Coleman,* 501 U.S. at 752, 757; *Smith v. Murray,* 477 U.S. 527, 533 (1986). However, because Elliott has submitted numerous documents addressing the procedural default issue, the Court will address the prejudice issue.

**\*5** Moreover, the fact that Elliott derived substantial benefits from pleading guilty increases his burden in establishing prejudice. In exchange for his plea, the State dropped three charges: possession of a deadly weapon during the commission of a felony, possession of a deadly

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 5

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

weapon by a person prohibited, and misdemeanor theft. If a jury convicted Elliott of these charges, he would have faced a jail term significantly greater than his eight year sentence.

Finally, to the extent Elliott argues that his attorney's failure to provide DNA testing prejudiced him because he entered his plea involuntarily, this argument fails. Elliott himself acknowledges that he knew prior to accepting the plea that his counsel had not conducted DNA testing on the weapon. However, he still decided to plead guilty. The Superior Court engaged in a thorough plea colloquy, affording Elliott numerous occasions to reject the plea agreement. If, as Elliott now claims, he was dissatisfied with his attorney's failure to provide DNA testing, he could have mentioned this fact at the plea colloquy. Yet, Elliott told the Superior Court that he was satisfied with his legal representation. (D.I. 13, Ex. F at 6 to State's Motion to Affirm in No. 270,2001.) Elliott is bound by these statements made under oath in open court. *See Blackledge v. Allison,* 431 U.S. 63, 73-4 (1997); *Lesko v. Lehman,* 925 F.2d 1527, 1537 (3d Cir.1991).

The only other way for the Court to excuse Elliott's procedural default is under the "miscarriage of justice exception." Pursuant to this exception, a court may excuse a procedural default if the petitioner demonstrates actual innocence. *See Murray,* 477 U.S. at 496. However, the " miscarriage of justice" exception applies only in " extraordinary cases." *See Coleman,* 501 U.S. at 749.

As explained above, the record demonstrates that Elliott knowingly and voluntarily entered his guilty plea. Indeed, Elliott specifically stated that he did, in fact, assault the victim with a knife. (D.I. 13, Ex. F at 5 to State's Motion to Affirm in No. 270,2001.) This "[s]olemn declaration in open court carr[ies] a strong presumption of verity" which is not overcome by Elliott's unsubstantiated claims of actual innocence. *Blackledge,* 431 U.S. at 73-74. As such, his assertions fail to demonstrate that the Court's refusal to review this claim will result in a fundamental miscarriage of justice.

In short, the Court concludes that Elliott has failed

to provide a reason excusing his procedural default. Accordingly, his federal habeas petition will be dismissed as procedurally barred.

## V. MOTIONS

In addition to his habeas petition, Elliott has filed three motions: a letter motion for the appointment of counsel and DNA testing, a motion for summary judgment, and a motion for issuance of the writ pursuant to 28 U.S.C. § 2243. (D.I. 37; D.I. 47; D.I. 55.)

It is well settled that a petitioner does not have a Sixth Amendment right to counsel in a habeas proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). However, a district court may appoint counsel to represent an indigent habeas petitioner "if the interest of justice so requires." Rule 8(c), 28 U.S.C. *foll.* § 2254. As explained above, the Court is dismissing Petitioner's § 2254 petition. In these circumstances, the " interests of justice" do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Thus, the Court will deny this motion, and his concurrent request for DNA testing, as moot.

*6 Similarly, because the Court has reviewed Elliott's habeas petition and has concluded that federal habeas review is procedurally barred, the Court will deny Elliott's motions for summary judgment and for issuance of the writ under 28 U.S.C. § 2243 as moot.

## VI. CERTIFICATE OF APPEALABILITY

Finally, this Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a " substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 6

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

U.S. 473, 484 (2000).

Additionally, when a federal court denies a habeas
petition on procedural grounds without reaching the
underlying constitutional claims, the court is not
required to issue a certificate of appealability unless
the petitioner demonstrates that jurists of reason
would find the following debatable: (1) whether the
petition states a valid claim of the denial of a
constitutional right; and (2) whether the court was
correct in its procedural ruling. *Id.* "Where a plain
procedural bar is present and the district court is
correct to invoke it to dispose of the case, a
reasonable jurist could not conclude either that the
district court erred in dismissing the petition or that
the petitioner should be allowed to proceed further."
*Id.*

The Court concludes that Elliott's claims are
procedurally barred. Reasonable jurists would not
find this conclusion unreasonable. Consequently,
Elliott has failed to make a substantial showing of
the denial of a constitutional right, and a certificate
of appealability will not issue.

### VII. CONCLUSION

For the foregoing reasons, the Court will deny
Elliott's § 2254 petition, and finds no basis for the
issuance of a certificate of appealabilty. An
appropriate order will follow.

### ORDER

For the reasons set forth in the Memorandum
Opinion issued this date, IT IS HEREBY
ORDERED that:
1. Curtis Ellliot's petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254 (D.I.1.) is
DENIED.
2. Curtis Elliott's motion for the appointment of
counsel and DNA testing is DENIED as moot.
(D.I.37.)
3. Curtis Elliott's motion for summary judgment is
DENIED as moot. (D.I.47.)
4. Curtis Elliott's motion for issuance of the writ
under 28 U.S .C. § 2243 is DENIED as moot.

(D.I.55.)
5. The Court declines to issue a certificate of
appealability.

IT IS SO ORDERED.

D.Del.,2004.
Elliott v. Kearney
Not Reported in F.Supp.2d, 2004 WL 724958
(D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 811565 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Page 1

<u>Briefs and Other Related Documents</u>
Dorn v. KearneyD.Del.,1997.Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Robert F. DORN, Petitioner,
v.
Richard KEARNEY, Warden, and M. Jane Brady,
Attorney General of the State of Delaware,
Respondents.
**No. 96-301-SLR.**

Dec. 10, 1997.

Robert F. Dorn, for petitioner, pro se.
<u>Thomas E. Brown</u>, Deputy Attorney General,
Wilmington, Delaware, for respondents.

**MEMORANDUM OPINION**
<u>ROBINSON</u>, J.

**I. INTRODUCTION**

*1 Petitioner Robert F. Dorn ("Dorn") filed a petition for a writ of habeas corpus pursuant to <u>28 U.S.C. § 2254</u> on June 10, 1996. (D.I.1) <u>FN1</u> Petitioner seeks habeas corpus relief on the ground that the sentence he received was "illegal" and inconsistent with the laws of the State of Delaware in "violation of Equal Protection rights and cruel and unusual punishment." (D.I.1) Respondents filed an answer, claiming that petitioner's sentence was well within the applicable statutory limits under state law. (D.I.8) Respondents urge the court to dismiss the petition because petitioner's challenge presents only a question of state law for which federal habeas relief is unavailable. (D.I.8) For the reasons stated below, the court will dismiss the petition and deny the requested relief.

> <u>FN1</u>. The court notes that it inadvertently substituted Warden Robert Snyder for Warden Richard Kearney as a respondent in the order issued January 16, 1997. (D.I.5) Pursuant to Rule 2 of the Rules Governing <u>Section 2254</u> Actions, <u>28 U.S.C. foll. § 2254</u>, Warden Richard Kearney should be named as a respondent.

**II. BACKGROUND**

In November 1993, Dorn was convicted by a Delaware Superior Court in and for Kent County jury of one count of aggravated harassment. (D.I. 1 at 1) Dorn later pled guilty to 27 more counts of aggravated harassment. (D.I. 1 at 1) In March 1994, Dorn was sentenced on the 28 counts of aggravated harassment to six months imprisonment at Level V incarceration for each of 10 counts, six months at a Level IV facility for each of two counts, and six months at Level III probation for each of the remaining 16 counts, or a total sentence of five years incarceration at Level V and nine years of work release and probation. (D.I. 1 at 1)

In June 1994, Dorn, through his trial counsel, filed a motion for reduction of sentence in Superior Court alleging that (1) the sentence imposed exceeded that which was recommended by the guidelines promulgated by the Sentencing Accountability Commission ("SENTAC"); and (2) mitigating circumstances justified a downward departure. (D.I.10) Dorn's motion was denied on June 13, 1994. Subsequently, Dorn filed a *pro se* motion for postconviction relief that alleged, in addition to ineffective assistance of counsel, the sentence was "illegal [and] arbitrary" because it was outside the SENTAC guidelines. (D.I.10) The Superior Court denied Dorn's motion for postconviction relief on March 30, 1995. (D .I. 10) On June 14, 1995, Dorn's appeal to the Delaware Supreme Court was dismissed as untimely filed. (D.I.10)

Dorn filed a motion for correction of sentence pursuant to <u>Superior Court Criminal Rule 35(a)</u> on July 17, 1995 in the Superior Court, alleging that his sentence was outside the SENTAC guidelines and violated the laws of the State of Delaware, specifically <u>11 Del.C. § 4202(a)(2) and (b)</u> and <u>11 Del.C. § 4206(b)</u>. (D.I. 1 at 2-3) Characterizing Dorn's motion as a motion for reduction of sentence under <u>Rule 35(b)</u>, the Superior Court denied the motion as being without any substantive basis, repetitive, and time-barred. (D.I. 1 at 3)

By letter dated August 28, 1995 to the Superior Court, Dorn acknowledged receipt of the Superior Court's order disposing of a motion for reduction of sentence and inquired as to the status of his motion for correction of sentence. (D.I.10) The Superior Court, by letter dated September 11, 1995, responded that the sentence imposed was not illegal and that absent extraordinary circumstances, the court's authority allowed for modification of a sentence only

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 811565 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

within ninety days of the date of sentence; thus, the court refused to revisit Dorn's motion for correction of sentence. (D.I.10)

**\*2** In November 1995, Dorn appealed the Superior Court's order denying his motion for correction of sentence to the Delaware Supreme Court, arguing that denial of his motion was an abuse of discretion because his sentence was illegal and against SENTAC guidelines. (D.I.10) Dorn requested that he be resentenced "in accordance with the Law." (D.I.10) In addition, Dorn sought leave to file a Certificate of Questions of Law. (D.I.10) In response, the State moved to affirm the judgment of the Superior Court and to strike Dorn's Certificate of Questions of Law. (D.I.10) On January 29, 1996, the Delaware Supreme Court granted the State's motion to strike the Certificate of Questions of Law on the ground that it was a nonconforming document. (D.I.10) The Supreme Court granted as well the State's motion to affirm on the ground that the Superior Court's election to depart from the nonbinding SENTAC guidelines was not a basis for appeal. (D.I.10)

On June 10, 1996, Dorn filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.1)

### III. DISCUSSION

In his claim for federal relief, Dorn alleges that the sentencing judge abused his discretion in departing from the sentencing guidelines. (D.I. 1 at 1) Specifically, petitioner asserts that the sentence he received was illegal, ambiguous, arbitrary, and inconsistent with the SENTAC guidelines; therefore, his sentence violated his rights under the Equal Protection Clause and the Eighth Amendment. (D.I. 1 at 2) Respondents contend that Dorn is barred from federal habeas review because (1) he was sentenced within the state statutory limits; and (2) his challenge to the state judge's departure from the SENTAC guidelines presents only a question of state substantive law for which federal habeas relief is unavailable. (D.I. 8 at 5)

Respondents correctly state that questions of state substantive law are not a proper subject for federal habeas corpus review. *See* 28 U.S.C. § 2254(a); *Wainwright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Jones v. Superintendent of Rahway State Prison,* 725 F.2d 40, 42-43 (3d Cir.1984). When only state law claims are presented, the court cannot grant federal habeas relief

even though the challenge is couched in terms of due process or equal protection. *See Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988) (citations omitted). Specifically, a state court's sentencing decision and claims arising out of that decision are generally not constitutionally cognizable. *See Booth,* 861 F.2d at 1508; *Haynes v. Butler,* 825 F.2d 921, 924 (5th Cir.1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1988); *Jones v. Estelle,* 622 F.2d 124, 126 (5th Cir.), *cert. denied,* 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980). As a general rule, a federal court will review only those state sentencing decisions that exceed or are outside the statutory limits or are wholly unauthorized by law. *See, e.g., Bozza v. United States,* 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818 (1947); *Williams v. Duckworth,* 738 F.2d 828, 831 (7th Cir.1984), *cert. denied,* 469 U.S. 1229, 105 S.Ct. 1229, 84 L.Ed.2d 367 (1985).

**\*3** Although Dorn contends that the sentence he received exceeded that statutorily allowed, the court concludes that Dorn was sentenced within the statutory limits. Dorn was found guilty on 1 count of aggravated harassment and pled guilty to 27 other counts of aggravated harassment. Under Delaware law, aggravated harassment is a class B misdemeanor. 11 Del.C. § 1312(1). The sentence for a class B misdemeanor may include up to 6 months incarceration at Level V, a fine of up to $1,150, restitution, and other conditions as the sentencing court deems appropriate. 11 Del.C. § 4206(b). In accord with this statutory guideline, the Superior Court sentenced Dorn to a period of 6 months imprisonment at Level V for each of ten counts, six months at a Level IV facility for each of two counts, and six months at Level III probation for each of the remaining 16 counts. (D.I.10) Moreover, under Delaware law, SENTAC sentencing guidelines are voluntary and non-binding and "no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards." *Administrative Directive Number Seventy-Six,* Del.Supr., Christie, C.J. (Sept. 15, 1987); *see also Mayes v. State,* 604 A.2d 839, 845-46 (Del.1992).

The court concludes that Dorn was sentenced within statutory limits and that he has failed to raise any constitutionally cognizable claims with regard to his sentence. Accordingly, the court finds that Dorn's challenge to the state judge's departure from SENTAC guidelines presents only a question of state substantive law, for which federal habeas relief is unavailable. *See Smith v. Phillips,* 455 U.S. 209,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 811565 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

221, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

### IV. CONCLUSION

For the foregoing reasons, the court concludes that petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 lacks merit. Therefore, the Dorn's petition shall be dismissed and the writ denied. An appropriate order shall issue.

D.Del.,1997.
Dorn v. Kearney
Not Reported in F.Supp., 1997 WL 811565 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:96CV00301 (Docket) (Jun. 10, 1996)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2006, I electronically filed the attached

documents with the Clerk of Court using CM/ECF. I also hereby certify that on October

10, 2006, I have mailed by United States Postal Service, the same documents to the

following non-registered participant:

Anthony A. Cooper
SBI No. 00275064
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
james.wakley@state.de.us

Date:  October 10, 2006