In The United States District Court
For The State of Delaware

Anthony A. Cooper Jr
plaintiff

v

Thomas C. Carroll
et al
Defendant

Civil action no. 06-396 JJF



Reply to Defendant answer to Complaint

plaintiff, Anthony A Cooper Jr. moves this court to reply to the defendants answer in the above captioned case.

1. Every lawyer understands that before a citizen in this country can be convicted, the state must prove its case against him according to the rules, the most important of which are gauranteed protection under the United States Constitution. These rules preserve our rights as American Citizens and protect us from the tyranny of the state. Every honest lawyer has a duty to see that every person accused of a crime, guilty or not, is not convicted unless the state fairly and lawfully follow those rules.

This very noble ideal is what distinguishes our country from nearly every other in the world.

"state court finding that counsel had trial strategy is finding to which habeas court must afford presumption of correctness if that factual finding supported by record; however, question of whether counsel's strategy was reasonable goes directly to performance prong of Strickland test, thus requiring application of legal principles, and de novo review. U.S.C.A. amend. 6; 28 U.S.C.A. sub-sec (d)": Berryman v Morton, 100, F. 3d 1089. (3rd Cir 1996) at (3). Therefore pursuant to 28 U.S.C.A., sub-sec (d), in the instant case, this Court is not bound by presumption of correctness based on factual or legal findings supported by state court records, where no record was perfected regarding counsel's effectiveness, where, U.S. Const. 6th and 14th amendment rights raised by petitioner were summarily voided by being left to stand unaddressed by, states attorney, superior & supreme courts of delaware, therein violating petitioners U.S. Const. rights of due process and equal protection of the law.

2. In states answer, the state claims, petitioner only raised (3) grounds for review by federal habeas court. The state is wrong.

2.

The petition clearly reflects (4) grounds, each with its own peculiar contentions and should have been addressed as such. pursuant to 28 U.S.C. sub-sec 2254 Rule (3). "the answer must respond to the allegations of petition". This Court should order sanctions against the state for disregards for Federal District Court Rules of procedures. Surely as professionally formally trained litigators, the states attorney is conscious of the long range ramifications involved in not following the rules.

    3. The state next states, "Cooper has proffered twelve ground points in which his attorney failed to provide him with adequate assistance". Blacks law dictionary defines "proffer", to offer or tender. The petitioner alleged or tendered twelve accusations with regards to cousels professional ineptude. The state again fails to address issues raised, by providing a sworn affidavit from Counsel regarding petitioners claims pursuant to 28 U.S.C. sub-sec 2254 rule (3).

    4. The state claims "Cooper has, in this instance, failed to exhaust his state remedies on this claim". The state is wrong.

all contentions have been raised at each state procedural step. Initially, via post-conviction collateral attack under delaware rule 61, and subsequently in petitioners appeal of his post-conviction denial to the delaware supreme court where lower courts decision was affirmed.

As in the instant case, pursuant to 28 U.S.C. sub-sec. 2254 rule (7), (a)(6)(d) the court retains the discretionary power to order and obtain any and all information relevant to reaching its decision regarding merits of petitioners case, hence being provided with opportunity for review of any case before it. Citing Rose v Lundy, 455 U.S. 509, 510 (1982) "a petitioners claim is considered exhausted if it has been fairly presented to states highest court, either on direct appeal or in post-conviction proceeding. See Lambert v Blackwell, 134 F.3d 506, 513 (3rd Cir. 1997) "to have fairly presented a claim, the petitioner must have submitted to the state court both the legal theory and facts that are "substantially equivalent" to those asserted in federal habeas petition". See Doctor, 96 F.3d at 678. Petitioner has met required exhaustion standards.

5. As to state claim two "denial of motion for substitution of counsel, pg. 4 + 5 state answer.
The state appears to have concluded that petitioner was denied substitute counsel because "Cooper had merely asserted that his attorney had failed to subpoena witnesses for trial". The state is wrong.

although relevant to trial strategy, (though counsel had no known strategy of which had been presented to petitioner) an assertion that counsel failed to subpoena witnesses standing alone is, insufficient to support a claim of ineffective assistance of counsel.

This fact is not true in the instant case where petitioner (reviewable via plea colloquy) asserts the claim that, not only has counsel failed to subpoena witnesses, but counsel had also failed to maintain communication and/or prepare any defense, additionally threatening petitioner would recieve 20 years to life in prison; See petitioners appendex exhibit B-1 pg. 1 at (2)(3). See also C-3 office of disciplinary counsel letter to counsel. For due process implications, see White v. Rager, 65 S.Ct. 978, 324 U.S. 760 (1945).

The petitioner had conclusively established cause for substitution of counsel. See United States v. Welty, 674 F.2d 185-188. "The first step of the analysis required by Welty, supra, is to determine whether trial court made sufficient inquiry into the reasons defendants (petitioner) dissatisfaction with his attorney on the eve of trial..."; The Court focused not on petitioners complaint and claims, that, based on counsels failure to communicate and prepare any defense, substitute counsel was required, but instead singled out a minor/major factor, "failure to subpoena witnesses", to base the denial of substitute counsel into acceptable perspective? See exhibit B-1 pg. 5 at (8) where the court states, "I'm not going to press him as to

whether or not he's planning a defense; but a lot of the decisions about the defense come from hearing what the evidence is, but just so I understand, you are saying that what you want is different counsel; not to represent yourself, correct?" petitioner, "yes your Honor." the court "all right, I cannot, and will not, accomodate that request, if he is inadequate, that's a discussion that comes up after the trial, once the quality of his representation can be ascertained.

"When claims of ineffective assistance of counsel based on lack of preparation, communication or other substantial reasons are asserted pretrial, a different considerations prevail than when are made postverdict. The disposition of such claims, raised pretrial, may serve to minimize or expedite the disposition of the number of ineffective assistance claims; as such timely judicial intervention at the pretrial stage constitutes an effective mechanism for prevention of sixth amendment deprivation and for simultaneous preservation of the integrity of the adversary trial process. Monroe v. United States, 389 A. 2d 811 at (6). 2. "Remedy for failure to conduct pretrial hearing on effectiveness of counsel was remand for hearing at which goverment bore burden of showing by clear and convincing evidence that counsel's preparation for trial, viewed in it's entirety, was effective". Bass v. U.S. 580 A. 2d 669 (D.C.A.P.P. 1990) at 2 + 3 law key - 1181.5 (6). 3. Crim law key 641.10 (2); Inquiry into pretrial effectiveness of counsel should

elicit whether counsel conducted appropriate investigation, both factual and legal, and allowed enough time for reflection and preparation for trial, U.S. Const. amend. 6".

"The trial court's denial of appellant's motion to change counsel without any inquiry, and deficient nature of inquiry which it did subsequently conduct into level of counsel's preparedness, failed the requisite solicitude for accused's essential right to have the effective assistance of counsel gauranteed by the Sixth Amendment. By such actions, the trial court effectively placed appellant in a dilema of Constitutional magnitude, for the court put appellant in position of choosing between proceeding to trial with counsel who he contended was unprepared - a contention unrebutted of record because of trial court's failure to properly inquire - or proceeding pro-se. This the trial court may not do. If counsel was unprepared to give effective representation at trial, appellant was constitutionally entitled to appointment of new counsel, finding that rulings of trial court deprived appellant of his Sixth Amendment Right to Counsel, we hold that appellant's conviction cannot stand. Farrell v. United States, 391 A.2d 755 [7+8]". "more than presence of counsel is needed to effectively meet mandate of Sixth Amendment; it is right to effective counsel that is essential. U.S.C.A. Const. amend. 6. It is trial court's duty to use sound and advised discretion and with increases in gravity, to insure integrity of the trial and all concomitant proceedings". Pierce v. United States, 402 A.2d 1237...1979) [2+4]

6. The states next comment should be viewed by this Court as speculative conclusionary rendition of what the state conjures as the thinking involved in the challenge by petitioners of Counsel's ineffective representation, and should not be granted the indulgence of this Court as having merit.

"The crux of the disagreement between Cooper and his attorney appears to lie in Cooper's belief that he was mentally ill at the time he attacked his victim. In support of this mental illness claim, Cooper wanted to have the following individuals subpoenaed for trial: (see state answer pg. 5) Cooper's attorney likely concluded that the aboved named individuals testimony would not be revelant epecially in light of Cooper's intoxication and the fact that voluntary intoxication is no defense under state law".

The petitioner raises this question in response, as with the twelve (12) accusations proffered by by petitioner, where is Counsel's sworn affidavit attesting to the conclusions adopted by the state? The state appears to have concluded that, this Court will buy their conclusionary comment without providing any substantial evidence supporting their claims, by diverting this Courts attention, thereby, affirming petitioners claims of ineffective Counsel.

7. In the states-claim three-Sentence Enhancement, state answer pg. 6, the state implies, "Cooper alleges that his sentence was illegally "enhanced" in violation of delaware state law,

presumably because his sentence was an upward departure from the sentence recommended in the state sentencing guidelines. This claim, however, is not cognizable in federal habeas. A federal court may consider a habeas petition filed by a state prisoner only on ground that he is in custody in violation of Constitution or laws or treaties of the United States" 28 U.S.C. sec. (a). Claims based on errors of state law are not cognizable on federal habeas review. See Pulley v. Harris, 465 U.S. 37, 41 (1984); Riley v Taylor, 277 F. 3d 261, 301 N.8 (3rd Cir. 2001)".

The Courts use as a aggravating fact "custody status at the time of the offense" as justification for sentence enhancement, is in violation of title 11 sec, 4204 (N) which was put into place as a safe guard of insuring that the Courts provided adequate reasons that the Court had found, for summary sentence enhancement, which when not carried out as intended violates the Sixth and Fourteenth amends. of the United States Constitution and article (7) of the delaware Constitution; by not informing the defendant of all the charges or penalties that would be imposed at defendants sentencing.

The operative phrase "by not informing the defendant of all of the charges or penalties that would be imposed at defendants sentencing", raises liberty interest of a U.S. Const. magnitude, where the effectiveness of Counsel, (counsel filed no protest) due process + equal protections of law attach. This fact negates the claim tendered by the state,

"errors of state law are not cognizable on federal review". The state is wrong. Where state laws come into conflict with U.S. Const. gaurantees, they become cognizable by federal habeas review, e.g. "Civil Rights". The state made an assertion, yet failed to reach U.S. Const. merit of petitioners claims.

"The failure of state to abide by its own statutory commands may implicate a liberty interest protected by the fourteenth amendment against arbitrary deprivation by state. U.S.C.A. Const Amend. 14."

## Summary
Direct appeal:
At the close of petitioners superior court trial, counsel failed to inform petitioner of his appeal of "Right". petitioner filed pro-se on December 19, 2003. On December 30, 2003 a letter was sent by the delaware supreme court clerk to counsel John S. Edinger Esq directing him to recognize his continuing obligation to represent Anthony Cooper on direct appeal. See A-1 petition appendex. On april 8, 2004 a motion to withdraw as counsel was filed by counsel under supreme court rule 26(c) effectively leaving petitioner devoid of representation by any counsel, a due process, equal protection issue. See exhibit A-2 petition appendex. The supreme court decided on June 30, 2004 to affirm lower court decision. It should be noted; counsel could not support petitioners "breach of plea agreement" claims without admitting ineffectiveness,

counsel had negotiated the plea where state had agreed not to make any sentence recommendations, but failed to secure agreement in writing. The fact counsel was admonished by first, "disciplinary counsel and then by supreme court" raises legitimate concerns regarding counsels' assistance.

Subsequent to petitioners denied direct appeal, petitioner filed and was denied in a one page summary dismissal, his post-conviction rule 61 collateral attack.

The delaware supreme court has held in "clear language" as a matter of law and fact, when a defendant files a motion under this rule in superior court and that court, without holding a hearing issues a 1-page opinion and order denying appeals, the case must be remanded to superior court for a more comprehensive consideration of issues raised in defendants motion and statement of the basis for the ruling on each issue, Derrickson v. State, 399 A.2d 202 (DEL)". No record was perfected for review by the supreme court pertaining to state or federal claims raised by petitioner. Neither court reached or addressed claims made.

"The failure of state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by state. U.S.C.A. Const. amend. 14".

"Record was insufficient to review substance of defendants post-conviction claims challenging effectiveness of his counsel, and thus, remand was warranted for expansion of record to include trial counsel's affidavit in response to defendants allegations; without affidavit from trial counsel or evidentiary hearing on allegations, trial counsel would not have opportunity to be heard or chance to defend himself against charge, and without counsel's affidavit or sworn testimony, record for appellate review of reasonableness of representation was incomplete and inadequate. U.S.C.A. Const. Amend. 6".

Holding

"The supreme court, Holland, J., held that record was insufficient to review substance of defendants post-conviction claims challenging effectiveness his trial counsel, and remand was warranted. Remand with jurisdiction retained". Citing at (2) Horne v State, Del. 887 A.2d 973 (2005)

The Horne case is directly on point, reflecting what should occurred in the instant case, had equal protections and due process of law been applied per U.S. Constitution gaurantees.

Habeas Corpus sec. 121 - state prisoner in federal court - necessity of hearing.
Habeas Corpus key note 121 at (12).

In habeas corpus proceedings instituted by state prisoner, a federal district court must hold an evidentiary hearing if applicant did not recieve full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceedings; a federal evidentiary hearing is required unless the state court trier of fact has after a full hearing reliably found the revelant facts. [see annotation reference 4 and annotation p. 1246, supra]

Habeas Corpus key note 121 at (14) by state prisoner in federal court - hearing factual dispute. District Court must grant an evidentiary hearing where the state court has not actually reached and decided the issues of fact tendered by applicant, as where the state court did not decide on the merits the Constitutional claim but made no express findings, the federal court is not compelled to hold a hearing where it is possible for the court to reconstruct the findings of the state trier of fact, either because the latters view of the facts is compelled to hold a hearing where this is not possible, as where it is unclear whether the state trier of fact applied correct Constitutional standards is disposing of the claim. [see annotation reference 4 and annotation p. 1246 supra]. Townsend v. Sain 372, U.S. 293 9 L. Ed. 2d 770, 83 S. Ct. 745 (1963)

Herein lies petitioners concern. No record was made regarding state or U.S. Const amend. 6 & 14 issues raised

by petitioner, though procedural and venue mandates have been duly adhered to by petitioner. Without records being perfected at each level of the judicial process, in the instant case, there exist no appellate opportunity for petitioner to avail himself of U.S. Const gaurantees of having effective counsel or recieving due process and equal protection of the laws of the land, via appellate review.

"wary of articulating "too general [a] standard"", the Townsend Court clarified that a federal habeas court "must grant an evidentiary hearing" if:

1. Merits of the factual dispute were not resolved in state hearing;
2. The state factual determination is not fairly supported by the record as a whole;
3. The fact finding procedure employed by state court was not adequate to afford a full and fair hearing;
4. There is substantial allegation of newly discovered evidence;
5. The material facts were not adequately developed at the state court hearing; or
6. For any reason it appears that the state trier of fact did not afford habeas a full and fair hearing; Id at 313, 83 S. Ct 745, pursuant to 28 U.S.C.A. sec 2254

(e)(2)  Healy v. Spencer, 397 F. Supp 2d 269 (D. Mass 2005) at [9]

In accordance with (1)(2)(3)(5)(6) enunciated in above standards, petitioner contends that petitioners right to equal protection and due process of law and effective assistance of Counsel, gaurantees of the U.S. Constitution, have been abrogated by the state of delaware.

States failure to abide by its own statutory commands (Rules) and failure to recognize U.S. Constitutional gaurantees (Rules) has placed petitioner in a light where justice by rules has been denied to petitioner.

Wherefore, complainant prays that this Court grants the following relief:

1. Evidentiary Hearing.
2. Reverse & Remand for resentencing.

DATED- OCTOBER 26, 2006

Anthony A. Cooper Jr
ANTHONY A COOPER JR
#00275064
DEl. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE. 19977

.15.

## Certificate of Service

I, _Anthony H. Cooper Jr._, hereby certify that I have served a true

And correct cop(ies) of the attached: _Reply to State Answer_

_____ upon the following

parties/person (s):

TO: _James T. Wakley_          TO: _____

_Deputy Attorney General_      _____

_Dept of Justice_              _____

_820 N. French Street_         _____

_Wilmington, DE, 19801_        _____

TO: _____          TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _26_ day of _October_, 200_6_.

_Anthony Cooper_

I/M Mr. Anthony A. Cooper Jr
SBI# 275064   UNIT D/W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



OFFICE of the CLERK
United States District Court
844 N. King St. Lockbox 18
Wilmington, Delaware
     19801-3570

