IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. COOPER, | : |
|       Petitioner, | : |
| v. | :   Civ. Act. No. 06-396-JJF |
| THOMAS CARROLL, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | : |
|       Respondents.[1] | : |

Anthony A. Cooper.  Pro se Petitioner.

James Turner Wakley, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for Respondents.

**MEMORANDUM OPINION**

November 7, 2007
Wilmington, Delaware

---

[1]Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1)

**Farnan, Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Anthony A. Cooper. (D.I. 1; D.I. 2.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In March 2003, a Delaware grand jury returned an indictment charging Petitioner with first degree assault, aggravated menacing, two counts of possession of a deadly weapon during commission of a felony, two counts of terroristic threatening, and one count of noncompliance with bond conditions. Id. In September 2003, on the day that his trial was to begin, Petitioner pled guilty to one count of first degree assault and one count of possession of a deadly weapon during the commission of a felony. Cooper v. State, 852 A.2d 907 (Table), 2004 WL 1535802, at *2 (Del. 2004). In exchange for Petitioner's guilty plea, the State agreed to enter a nolle prosequi on the five remaining counts charged in the indictment. (D.I. 3 at 23.) The Superior Court sentenced Petitioner to fourteen years imprisonment, suspended after eight years for two years probation. Cooper, 2004 WL 1535802, at *2. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. Id. at *4.

In June 2005, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting that counsel provided ineffective assistance by: (1) failing to advise Petitioner of his legal rights regarding the case and failing to adequately prepare for his case by investigating facts and law; and (2) failing to investigate mitigating evidence for sentencing purposes.  The Superior Court denied the Rule 61 motion.  (D.I. 28, State v. Cooper, Crim. Id. No. 0301018775, Order (Del. Super. Ct. June 27, 2005)  Petitioner appealed, arguing that: (1) the Superior Court abused its discretion by not holding an evidentiary hearing on his ineffective assistance of counsel claim; (2) the Superior Court abused its discretion by failing to provide Petitioner with substitute counsel; and (3) the Superior Court failed to provide an adequate rationale for its decision to deny Petitioner's Rule 61 motion.  (D.I. 28, Appellant's Op. Br. in Cooper v. State, No. 438,2005)  The Delaware Supreme Court denied Petitioner's claims and affirmed the Superior Court's decision.  Cooper v. State, 901 A.2d 119 (Table), 2006 WL 1374676 (Del. 2006).

Petitioner filed the instant Petition June 2006.  (D.I. 1.) Respondent filed an Answer, asserting that the Petition should be dismissed.  (D.I. 21.)  Petitioner filed a Reply.  (D.I. 29.)

## II. LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot review the merits of claims asserted in a habeas petition unless the petitioner has exhausted all means of available relief for the claims under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review of those claims, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal court cannot review the merits of procedurally

defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency.

5

Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

    **B. Standard of Review**

If the state's highest court adjudicated a federal habeas claim on the merits, then a federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). A state court decision constitutes an adjudication on the merits for the purposes of § 2254(d) if the "decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), rev'd on other grounds by Rompilla v. Beard, 545 U.S. 374 (2005). Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on

the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); Williams v. Taylor, 529 U.S. 362, 412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000); Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

### III. DISCUSSION

Petitioner raises the following grounds for habeas relief: (1) defense counsel provided ineffective assistance by failing to advise Petitioner of his legal rights, reasonably investigate Petitioner's case, and develop a strategy for Petitioner's defense; (2) defense counsel provided ineffective assistance by failing to investigate and develop mitigating evidence for sentencing purposes; (3) the Superior Court erred in denying Petitioner's motion for substitution of counsel; and (4) the Superior Court illegally enhanced Petitioner's sentence.

### A. Claim One: Ineffective Assistance of Counsel

In Claim One, Petitioner asserts that counsel failed to adequately advise him of his legal rights during the plea negotiations, and that counsel also failed to adequately investigate his case or develop a strategy for defense, thereby rendering his guilty plea involuntary. Respondent contends that Petitioner procedurally defaulted this claim by failing to raise it on post-conviction appeal. However, after reviewing the record, the Court concludes that Petitioner did present this claim to the Delaware Supreme Court when he appealed the denial of his Rule 61 motion,[2] and the Delaware Supreme Court denied the claim as meritless. See Cooper, 2006 WL 1374676, at *1. Therefore, the Court must determine if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims in the guilty plea context is the two-pronged standard enunciated by Strickland v. Washington, 466 U.S. 668 (1984) and Hill v. Lockhart, 474 U.S. 52, 58 (1985). Under the first Strickland/Hill prong, Petitioner

---

[2]Although Petitioner did not present the issues contained in Claim One as a free-standing claim on post-conviction appeal, Petitioner did include the issues as a basis for the three claims contained in his post-conviction appellate brief. See (D.I. 28, Appellant's Op. Br. in Cooper v. State, No.438,2005, at pp. 6, 11, 14-17.)

must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688; Hill, 474 U.S. at 58. Under the second Strickland/Hill prong, Petitioner must demonstrate there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on proceeding to trial. Hill, 474 U.S. at 59; United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). In order to sustain an ineffective assistance of counsel claim, Petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. See Wells v. Petsock, 941 F.2d 253, 259-260 (3d Cir. 1991); Dooley v. Petsock, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." Strickland, 466 U.S. at 689.

Here, the Delaware Supreme Court denied Petitioner's ineffective assistance of counsel claim because the record did not contain any evidence that an error by counsel caused Petitioner to plead guilty. The Delaware Supreme Court explained that, absent clear and convincing evidence to the contrary, Petitioner was bound by the statements he made during the plea colloquy expressing his satisfaction with his counsel's

performance. Additionally, the state supreme court noted that Petitioner received a clear benefit by pleading guilty, because the maximum sentence Petitioner faced under the plea agreement was 30 years of Level V incarceration and, in fact, he was sentenced to 14 years of incarceration, suspended after 8 years for probation.

The Delaware Supreme Court correctly identified the Strickland/Hill standard and analyzed the instant ineffective assistance of counsel claim within its framework. Therefore, the Delaware Supreme Court's denial of Petitioner's first ineffective assistance of counsel claim was not contrary to clearly established Supreme Court precedent. See Williams, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court must also determine whether the Delaware Supreme Court's analysis of the claim constituted an unreasonable application of the Strickland/Hill standard. It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). In Petitioner's case, the Delaware Supreme Court reviewed the transcript of the plea colloquy and noted that

Petitioner clearly stated that his attorney fully advised him of his rights and the consequences of pleading guilty, that he was entering the guilty plea knowingly and voluntarily, and that he was satisfied with counsel's performance. (D.I. 28, Transcript of Plea Colloquy on Sept. 30, 2003, at 20.) Given Petitioner's failure to provide evidence rebutting his statements made under oath in open court, the Court concludes that the Delaware Supreme Court did not unreasonably apply Strickland or Hill in determining that Petitioner failed to overcome the formidable barrier created by the statements he made during the plea colloquy.

Additionally, given the substantial benefit Petitioner derived from pleading guilty, Petitioner cannot demonstrate that he would have proceeded to trial but for counsel's alleged failures. Petitioner faced more than 50 years of imprisonment if he had proceeded to trial and was convicted on all seven counts alleged in the indictment.[3] However, under the plea agreement, Petitioner faced a maximum sentence of 30 years, and the Superior Court judge actually sentenced Petitioner to 14 years imprisonment at Level V, suspended after 8 years for probation.

---

[3] For example, Counts I, II, and V were Class B Felonies, each of which were subject to a term of 2 to 25 years of imprisonment at Level V. See (D.I. 28, Grand Jury Indictment in State v. Cooper, ID# 0301018775); Del. Code Ann. tit. 11, §4205(2007). Therefore, on these three counts alone, Petitioner's possible maximum sentence was 75 years.

Thus, Petitioner cannot demonstrate the requisite prejudice under Strickland and Hill.

In light of the foregoing, the Court concludes that the Delaware Supreme Court's denial of the instant claim did not involve an unreasonable application of the Strickland/Hill standard. Accordingly, the Court will deny Claim One.

### B. Claims Two and Four: Ineffective Assistance of Counsel At Sentencing

In Claim Two, Petitioner contends that counsel provided ineffective assistance by failing to investigate mitigating evidence that could have been used during sentencing. Additionally, in Claim Four, Petitioner asserts that counsel committed various other mistakes during the sentencing hearing. Although Petitioner raised the allegations regarding counsel's alleged sentencing errors in his Rule 61 motion, he did not present the claims to the Delaware Supreme Court in his post-conviction appeal. At this juncture, Petitioner cannot return to the Delaware state courts to assert these claims in a new collateral proceeding. See Del. Super. Ct. Crim. R. 61(i)(2)(any ground not asserted in a prior post-conviction proceeding is thereafter barred unless consideration of the claim is warranted in the interest of justice); Lawrie v. Snyder, 9 F. Supp. 2d 428, 453 (D. Del. 1998)(finding federal habeas claim procedurally defaulted due to the bar contained in Rule 61(i)(2)). Therefore, Petitioner's claims regarding counsel's performance at sentencing

are procedurally defaulted, and the Court cannot review their merits absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claims are not reviewed.

Petitioner has not provided any reason for his failure to present the instant claims to the Delaware Supreme Court in his post-conviction appeal. In the absence of cause, the Court does not need to address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine does not excuse Petitioner's default because he has not provided new reliable evidence of his actual innocence. Accordingly, the Court will dismiss Claim Two and the portion of Claim Four relating to counsel's performance at sentencing as procedurally barred.

### C. Claim Three: Denial of Motion for Substitution of Counsel

Petitioner contends that the Superior Court erred in denying his motion for substitution of counsel. Petitioner raised this claim in his Rule 61 motion, and again on post-conviction appeal. The Delaware Supreme Court denied the claim as meritless, specifically holding that the Superior Court properly denied Petitioner's motion for substitution of counsel because: (1) by knowingly and voluntarily agreeing to plead guilty, Petitioner waived any alleged defects occurring prior to the entry of his guilty plea; and (2) absent clear and convincing evidence to the

13

contrary, Petitioner was bound by the representations he made during the plea colloquy that he was satisfied with his counsel's performance. Cooper, 2006 WL 1374676, at *2.

After reviewing the record, the Court concludes that Claim Three does not warrant relief under § 2254(d)(1). Pursuant to Tollett v. Henderson, 411 U.S. 258, 267 (1973), a defendant who "solemnly admitted in open court that he is in fact guilty of the offense with which he is charged . . . may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Consequently, by entering a voluntary guilty plea, a petitioner waives claims of ineffective assistance of counsel involving counsel's performance prior to the entry of the guilty plea that do not challenge the voluntariness of the plea. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); cf. United States v. Porter, 405 F.3d 1136, 1141 (10th Cir. 2005)(entry of plea did not waive claim of ineffective assistance asserting petitioner's dissatisfaction with counsel's post-plea performance).

Here, four days before Petitioner's trial was scheduled to begin, Petitioner's counsel filed a letter with the Superior Court explaining that Petitioner did not want counsel to represent him. However, the Superior Court judge was not aware of the request until the morning of the first day of trial, and

therefore, the judge conducted a colloquy with Petitioner regarding his motion just prior to jury selection. During that colloquy, Petitioner stated that he was unhappy with counsel because counsel did not subpoena particular witnesses. After noting that Petitioner asserted his request for substitute counsel too late in the proceedings, and that Petitioner's reason for new counsel was insufficient to warrant the removal of his present counsel, the Superior Court judge informed Petitioner that he could either represent himself, let counsel represent him, or represent himself with counsel acting in a standby capacity. After Petitioner stated that he did not want to represent himself, the Superior Court judge denied Petitioner's request for substitute counsel and urged Petitioner to cooperate with counsel. At that point, counsel informed the court that the State had just offered a new plea agreement, and the Superior Court judge afforded Petitioner and his counsel time to discuss the new plea offer.

    The record clearly demonstrates that Petitioner moved for substitute counsel because he was unhappy with counsel's pre-trial performance, not because he was unhappy with counsel's performance during the plea negotiations. Additionally, as previously explained, the Delaware Supreme Court properly accepted as true Petitioner's statements during the plea colloquy that he was satisfied with his counsel's performance as it

related to the plea agreement and that he committed the crimes asserted in the plea agreement. See supra at pp. 10-11. Accordingly, the Court concludes that the Delaware Supreme Court's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent as set forth in Tollett.

### D. Claim Four: Illegal Sentence

In the remaining portion of Claim Four, Petitioner contends that the sentencing court abused its discretion by using the fact that he was on probation at the time of the offense as justification for enhancing his sentence, and that the enhancement violated Del. Code Ann. tit. 11, §§ 4204(N) and 4215. Petitioner also contends that the sentencing court erroneously concluded he was an habitual offender because his prior convictions were never definitely proven.

To the extent Petitioner is arguing that his sentence was enhanced, or his habitual offender status was imposed, in violation of Delaware's sentencing guidelines or statutes, the claim is not cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990)(holding that, "Federal habeas corpus relief does not lie for errors of state law."); Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997)("[A] state court's misapplication of its own law does not [] raise a constitutional claim"); see also Mullaney v. Wilbur, 421 U.S. 684, 691

(1975)("Federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a State's criminal statutes by the courts of that State").  However, to the extent Petitioner is arguing that his sentence was improperly enhanced based on prior convictions because the prior convictions were never proven or expressly admitted in the plea colloquy or agreement, the Court liberally construes the claim to assert that Petitioner's sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000) or Blakely v. Washington, 542 U.S. 296 (2004).[4] Although Apprendi/Blakely claims are cognizable on federal habeas review, Petitioner procedurally defaulted the instant claim by failing to raise the issue on direct appeal or on post-conviction appeal.[5]  At this juncture, Delaware Superior Court Criminal Rule 61(i)(2) and (3) would bar Petitioner from presenting these issues to the Delaware state courts in a new Rule 61 motion.  See Lawrie, 9 F. Supp. 2d at 453 (discussing Rule 61(i)(2) as bar); Bright v. Snyder, 218 F. Supp. 2d 573, 580 (D. Del. 2002)(Rule

---

[4]In Blakely, the Supreme Court reiterated its prior holding in Apprendi v. New Jersey that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 303 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).

[5]The Supreme Court decided Blakely in March 2004, and Petitioner filed his appellate brief on April 8, 2004. Therefore, the Blakely argument was available to Petitioner on direct appeal.

61(i)(3) would bar the Superior Court from considering the claim because Petitioner did not raise the claim in the proceedings leading to his conviction). Consequently, the Court cannot review the merits of Petitioner's Apprendi/Blakely claim absent a showing of cause and prejudice, or that Petitioner is actually innocent.

Petitioner appears to assert ineffective assistance as cause for his procedural default. However, this particular ineffective assistance of counsel claim is itself procedurally defaulted, because Petitioner did not present the allegation to the Delaware Supreme Court on post-conviction appeal, and he has not provided any cause or prejudice to explain that failure. Therefore, counsel's performance cannot excuse Petitioner's procedural default of his substantive sentencing claims. See Edwards v. Carpenter, 529 U.S. 446, 453-54 (2000).

In the absence of cause, the Court will not address the issue of prejudice. Further, Petitioner has not presented new reliable evidence of his actual innocence, and therefore, the miscarriage of justice exception to the procedural doctrine does not apply. Thus, the Court will deny Claim Four as procedurally defaulted to the extent it asserts that Petitioner's sentence was illegally enhanced in violation of Apprendi or Blakely or that Petitioner was incorrectly sentenced as an habitual offender.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's claims are either without merit or they are procedurally barred. Reasonable jurists would not find these conclusions to be debatable. Therefore, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A

Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.